# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CA-02653-SCT

*MARK HATHCOCK*

*v.*

*SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, MISSISSIPPI FARM BUREAU CASUALTY INSURANCE COMPANY, SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY, MISSISSIPPI FARM BUREAU MUTUAL INSURANCE COMPANY AND ANTHONY CHRISTIAN*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/05/2003 |
| TRIAL JUDGE: | HON. JERRY O. TERRY, SR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOE SAM OWEN |
| ATTORNEYS FOR APPELLEES: | DALE GIBSON RUSSELL |
| | CHARLES G. COPELAND |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 03/17/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.    This appeal arises out of a suit brought by Mark Hathcock ("Hathcock") against Southern Farm Bureau Casualty Insurance Company, Mississippi Farm Bureau Casualty Insurance Company, Southern Farm Bureau Life Insurance Company, Mississippi Farm Bureau Mutual Insurance Company and Anthony Christian[1] (collectively "Farm Bureau") in the Circuit

_____

[1] Farm Bureau's District Sales Manager.

Court of Harrison County, Mississippi, for wrongful discharge, breach of contract, and tortious interference with a business contract. After summary judgment was granted in favor of Farm Bureau, Hathcock learned of a potential conflict of interest involving the trial judge and Farm Bureau. Hathcock filed a motion for relief under Rule 60(b) of the Mississippi Rules of Civil Procedure and Rule 1.15 of the Uniform Circuit and County Court Rules requesting that the trial judge recuse himself and the order granting summary judgment be set aside. The trial court denied Hathcock's motion. It is from this ruling that Hathcock now appeals and asserts as error the trial court's denial of his motion for relief.

## FACTS AND PROCEDURAL HISTORY

¶2.    On June 16, 2000, Farm Bureau terminated the employment of Hathcock. Hathcock brought suit against Farm Bureau seeking damages for wrongful discharge, breach of contract and tortuous interference with a business contract. Farm Bureau answered and filed a motion for summary judgment.[2]   On June 24, 2003, Circuit Court Judge Jerry O. Terry, entered his order and judgment granting Farm Bureau's motion for summary judgment.

¶3.    Hathcock's attorney claims he was informed on or about September 18, 2003, that Jerry O. Terry, Jr., son of Judge Terry, was employed in a supervisory capacity in the Regional Claims Office in Laurel, Mississippi. On October 3, 2003, Hathcock filed a motion for relief under Rule 60(b) of the Mississippi Rules of Civil Procedure and under Rule 1.15 of the URCCC, requesting that the trial court vacate and set aside the summary judgment and transfer

---

[2] Christian filed a separate answer and defenses, but joined in the motion for summary judgment.

the case to another judge.

¶4.     On November 5, 2003, Judge Terry entered an order denying Hathcock's motion for relief.   In the order, Judge Terry stated that his son was employed by Farm Bureau since 1987 as a claims representative and was serving in the capacity of the District Claims Representative in Laurel, Mississippi at the time Hathcock's complaint was filed.   Judge Terry's son does not and has not ever supervised claims handled in the counties within the Second Judicial District where Judge Terry sits.   Judge Terry stated that for approximately twenty years prior to taking his judicial seat in 1987, he represented Farm Bureau in all of the counties in the Second District.   While Judge Terry informed the parties of his relationship with Farm Bureau in all other cases where Farm Bureau was a litigant or insurer for the purpose of providing an opportunity for recusal requests, the record reflects that:    (1)    he failed to disclose that information in this case, and (2) this is the probably the first time Hathcock's attorney has appeared before Judge Terry.   Hathcock timely brings this appeal and asserts that the trial court erred in denying his motion for relief under M.R.C.P. 60(b) and URCCC 1.15.   Specifically, Hathcock argues that the trial judge should have recused himself, vacated and set aside the order granting summary judgment in favor of Farm Bureau, and transferred the case to another circuit court judge.

**DISCUSSION**

¶5.     On review of a denial of a motion to recuse, this Court "will not order recusal unless the decision of the trial judge is found to be an abuse of discretion."   M.R.A.P. 48B.   *See also Bredemeier v. Jackson*, 689 So. 2d 770, 774 (Miss. 1997) (citing *Davis v. Neshoba County*

*Gen. Hosp.*, 611 So. 2d 904, 905 (Miss. 1992)) (where this Court stated: "This Court reviews a judge's refusal to recuse himself using the manifest error standard"). The Court will not reverse the ruling on the motion for recusal unless the trial judge abused his discretion in overruling the motion. *Bredemeier*, 689 So. 2d at 774 (citations omitted).

### I. Timeliness of Appeal.

#### A. Appeal as of Right Under Rule 4.

¶6. Hathcock requests that this Court vacate and set aside the order granting summary judgment in favor of Farm Bureau and transfer the case to another judge. Hathcock appeals the trial court's grant of summary judgment under M.R.A.P. 4. Rule 4 provides the guidelines for timely filing of an appeal of right. The appellant must file the notice of appeal with the clerk of the trial court within thirty (30) days after the date of entry of the judgment or order from which the appeal arises. M.R.A.P. 4. Hathcock clearly met the 30 day requirement. The trial court denied the motion for relief on November 5, 2003, and Hathcock filed his notice of appeal on December 4, 2003, exactly twenty-nine (29) days later.

#### B. Denial of Recusal Under Rule 48B.

¶7. Farm Bureau contends that Hathcock's motion is not timely under M.R.A.P 48B, which governs proceedings on a motion for disqualification of a trial judge. When a circuit court judge denies a motion for his recusal, the moving party may, within fourteen (14) days following the judge's ruling, seek review of the judge's action by this Court. M.R.A.P. 48B. The parties in the case sub judice seek interpretation on the application of 48B, specifically challenging the circumstances under which this rule applies.

¶8.     Despite the undisputable fact that Hathcock filed a timely appeal under M.R.A.P. 4, Farm Bureau argues that Hathcock's appeal is barred under M.R.A.P. 48B because he filed his appeal twenty-nine (29) days after the trial court's issuance of summary judgment.  As an emanation from the separation of powers doctrine, this Court has the inherent power to prescribe rules of procedure for Mississippi courts.  *Newell v. State*, 308 So. 2d 71 (Miss. 1975).  The meaning of "judicial power" as listed in the Mississippi Constitution of 1890 includes the power to make rules of procedure.  Miss. Const. art. VI, § 144.  This Court has the power to proscribe the Rules of Appellate Procedure, and the Court will not indulge the suggestion to read the rules in such a way as to unnecessarily cause conflict between them. Under M.R.A.P. 4, using the language "shall," requires a party to file notice of appeal within 30 days, while M.R.A.P. 48B, using the language "may," permits a party to seek review within 14 days.  Hathcock's appeal is timely because it was filed in accordance with M.R.A.P. 4.

## II.  Denial of Hathcock's Motion for Relief.

¶9.     "[T]his Court *presumes* that a judge, sworn to administer impartial justice, is qualified and unbiased."  *Turner v. State*, 573 So. 2d 657, 678 (Miss. 1990) (emphasis added).  "To overcome the presumption, the evidence must produce a 'reasonable doubt' (about the validity of the presumption); that is, one must question whether 'a reasonable person, knowing all of the circumstances, would harbor doubts about the [judge's] impartiality.'"  *Id.* (citations omitted).  This presumption is overcome only by showing beyond a reasonable doubt that the judge was biased or unqualified. *Upton v. McKenzie*, 761 So. 2d 167, 172 (Miss. 2000).

¶10. This Court has held in numerous cases that the "evidence presented must produce a reasonable doubt as to a judge's impartiality." *Dodson v. Singing River Hosp. Sys.*, 839 So. 2d 530, 533 (Miss. 2003); *see also Tubwell v. Grant*, 760 So. 2d 687, 688 (Miss. 2000); *Beyer v. Easterling*, 738 So. 2d 221, 228 (Miss. 1999); *Walls v. Spell*, 722 So. 2d 566, 571 (Miss. 1998). Impartiality is viewed under the "totality of the circumstances" analysis using an objective reasonable "*person*, not a lawyer or judge," standard. *Dodson*, 839 So. 2d at 534 (citing *Collins v. Joshi*, 611 So. 2d 898, 903 (Miss. 1992) (Banks, J., concurring)) (emphasis in original). In *Dodson*, this Court stated:

> Surely, it could not have been intended that the standard for recusal be so stringent as to warrant the criminal law "beyond a reasonable doubt" burden of proof. Quoting *Turner*, we stated in *Collins* that "[t]o overcome the presumption, the evidence must produce a 'reasonable doubt' (about the validity of the presumption)." 611 So. 2d at 901. However, in the very next paragraph we stated, "This presumption may only be overcome by evidence showing *beyond a reasonable doubt* that the judge was biased or not qualified." *Id.* (emphasis added). In *Norton*, we quoted *Collins* in applying the "beyond a reasonable doubt" burden. 742 So. 2d at 131. Also, in *Upton*, we cited *Bredemeier* and *Turner* as the sources of the beyond a reasonable doubt burden when both of those cases clearly applied the "produces a reasonable doubt" burden. *Upton*, 761 So. 2d at 172. *See Bredemeier*, 689 So. 2d at 774 (quoting *Turner*); *Turner*, 573 So. 2d at 678 (applying "must produce a reasonable doubt" burden).
>
> The stringent "beyond a reasonable doubt" burden is, in our opinion, incompatible with the standard of a hypothetical "reasonable person knowing all the circumstances." The proper standard is that recusal is required when the evidence produces a reasonable doubt as to the judge's impartiality. The misapplication of the "beyond a reasonable doubt" burden in the above-discussed cases was nothing more than a minor oversight and would have led to the same conclusion. We now clarify the burden of proof from what was previously stated in *Upton*, *Norton*, and *Collins*.

839 So. 2d at 533.

¶11. "When a judge is not disqualified under the constitutional or statutory provisions, 'the propriety of his or her sitting is a question to be decided by the judge, and on review, the standard is *manifest abuse of discretion.*'" *Farmer v. State*, 770 So. 2d 953, 956 (Miss. 2000) (quoting *Ruffin v. State*, 481 So. 2d 312, 317 (Miss. 1985)) (emphasis added). In determining whether a judge should have recused himself, this Court must consider the trial *in its entirety and examine every ruling* to determine if those rulings were prejudicial to the moving party. *Jones v. State*, 841 So. 2d 115, 135 (Miss. 2003) (citing *Hunter v. State*, 684 So. 2d 625, 630-31 (Miss. 1996)) (emphasis added).

¶12. Hathcock argues that Judge Terry should have recused himself because of his prior representation of Farm Bureau and his son's employment relationship with Farm Bureau.

### A. Mississippi Constitution of 1890 and Mississippi Code Annotated.

¶13. Article 6, Section 165 of the Mississippi Constitution of 1890 states in pertinent part:

> No judge of any court *shall* preside on the trial of any cause, where the *parties or either of them*, shall be connected with him by *affinity or consanguinity, or where he may be interested in the same*, except by the consent of the judge and of the parties.

(Emphases added). *See also Cashin v. Murphy*, 138 Miss. 853, 103 So. 787 (1925) (Judge is not disqualified to sit in a case unless connected with a party by affinity or consanguinity, or pecuniarily interested); *see e.g. Nimocks v. McGehee*, 97 Miss. 321, 52 So. 626 (1910) (Justice of the peace disqualified under Article 6, Section 165 of the Mississippi Constitution

7

where his first cousin was the *president* of a corporation, which was one of the parties before him). "Affinity" is defined as: "relationship by marriage between a husband and his wife's blood relations or between a wife and her husband's blood relations." *Byrd v. Wallis*, 182 Miss. 499, 181 So. 727, 732 (1938) (quoting Webster's International Dictionary (2nd. ed)). "Consanguinity" is defined as: "Kinship, blood relationship; the connection or relation of persons descended from the same stock or common ancestor." *Wilmore v. State*, 268 Ga. App. 646, 648 602 S.E.2d 343, 345 (2004) (citations omitted).

¶14.    The Mississippi Code states:

> The judge of a court *shall not* preside on the trial of any cause where the *parties, or either of them*, shall be connected with him by *affinity or consanguinity, or where he may be interested in the same*, or *wherein he may have been of counsel*, except by the consent of the judge and of the parties.

Miss. Code Ann. § 9-1-11 (Rev. 2002) (emphases added).    Had the Legislature of this State desired to include prior representation of a party as grounds for disqualification, it could have chosen to do so.

¶15.    There is no evidence that Judge Terry is connected with the parties through marriage or blood.  There is no evidence that Judge Terry may have had an interest in the outcome of the proceeding, or that he is otherwise precluded by the statute.  It is only in causes wherein the judge may have been of counsel[3] that provides for disqualification.  It is abundantly clear that Judge Terry was not required to disqualify himself under the Mississippi Constitution or

---

[3] This Court has stated: "'of counsel' refers to one who actually participated in the prosecution or defense of the case in controversy." *Turner*, 573 So. 2d at 676 n. 9 (citations omitted).

8

Mississippi Code. *See generally* Miss. Const. art. VI, § 165; Miss. Code Ann. § 9-1-11.

### B. Code of Judicial Conduct , Uniform Circuit and County Court Rules, and Applicable Case Law.

¶16. The Mississippi Code of Judicial Conduct provides the standard for disqualification of judges. Code of Judicial Conduct, Canon 3(E). Pursuant to Canon 3, subdivision E, of the Code of Judicial Conduct, "Judges *should* disqualify themselves in proceedings in which their impartiality might be questioned by a reasonable person knowing all the circumstances or for other grounds provided in the Code of Judicial Conduct or otherwise as provided by law." (Emphasis added). Illustrative of that standard are several instances listed in Canon 3(E)(1)(a)-(d) where the judge *should* recuse himself/herself, none of which are present here.

¶17. Uniform Circuit and County Court Rule 1.15 states: "Any party may move for the recusal of a judge . . . if it appears that the judge's impartially might be questioned by a reasonable person knowing all the circumstances, or for other grounds provided in the Code of Judicial Conduct or otherwise as provided by law."

¶18. In his order denying Hathcock's motion for relief, Judge Terry stated:

> Plaintiff's motion raises the issue concerning the presiding judge's being related to an employee of Farm Bureau, and the failure of said judge to bring the relationship to the attention of the attorney who argued for Plaintiff in opposition to the motion for summary judgment.
>
> * * *
>
> Jerry O. Terry, Jr., is currently the District Claims Representative located in Laurel, MS, where he has been located for the past several years. He *does not and has not supervised any claims handling in the counties making up the Second Circuit Court District which his father serves*. For some 20 years prior to his taking the bench in 1987, Judge Terry, himself, represented

9

Farm Bureau in all counties of the Second Judicial Court District.

> *In all other cases coming before Judge Terry since 1987, where it was known that Farm Bureau was a named party or where it was learned that Farm Bureau was the insurer of a litigant, Judge Terry has informed the attorneys and parties in such cases of the foregoing relationship for the purpose of allowing either party to suggest a need for recusal.* Plaintiff filed this lawsuit filed [sic] August 18, 2000. This case was assigned to Judge Terry October 23, 2000. The summary judgment motion was filed more than two years later, on October 28, 2002, and was not heard and granted until June 2003. The docket reflects no action in court prior to the motion for summary judgment. When Plaintiff raised the issue in this motion, after judgment was entered against him, *the Court reviewed the summary judgment hearing transcript to determine whether, prior to argument on the summary judgment motion, Judge Terry made his usual announcement regarding his relationship with Farm Bureau. Since the transcript contains no such announcement, the Court assumes it inadvertently overlooked the point in this case.* The Court further notes that this was probably the *first appearance before this judge by the particular attorney* who argued for Plaintiff.

> The issue of "perception of impropriety" of a Judge is nebulous, to say the least, and in most instances it would be of no consequence to any party for the judge to promptly react to the issue by recusal and reassignment. However, now that this Court has entered summary judgment against Plaintiff, from which *Plaintiff perfected no appeal*, there is a consequence to be considered. Entry of summary judgment is reviewed on appeal de novo and unless there existed a fact issue or the ruling judge misapplied the law, it should be upheld. . . . *In this case, there was no issue of fact for the jury (which the Court assumes is why Plaintiff did not appeal), and the law of this State seems to be well-settled that Mississippi follows the doctrine of "employment-at-will" as between employer and employee.*

> The perception of impropriety in this case might possibly appear *if* there were a fact issue to be decided and not simply an application. [sic] of existing legal principle. *The application of the law being the sole complaint of the Plaintiff here, the Court finds it inappropriate to now set aside the judgment and recuse in order for another judge to apply the same well-established law to the same undisputed facts.*

(First, second, third, fourth, fifth and seventh emphasis added).

¶19. In reviewing Judge Terry's grant of summary judgement to Farm Bureau, this Court employs a de novo standard of review. *Saucier ex rel. Saucier v. Biloxi Reg'l Med. Ctr.*, 708 So. 2d 1351, 1354 (Miss. 1998). The trial court reviewed all proper documents associated with summary judgment. *See Id.* (quoting *Townsend v. Estate of Gilbert*, 616 So. 2d 333, 335 (1993) (citations omitted)) ("'This entails reviewing all evidentiary matters in the record: affidavits, depositions, admissions, interrogatories, etc.'"). Although the ruling on summary judgement was prejudicial Hathcock, the trial court followed the correct legal standard associated with same, and therefore, we find, as Judge Terry, that Farm Bureau was entitled to summary judgment. *See* Miss. R. Civ. P. 56(c) (proper to grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law").

¶20. The Code of Judicial Conduct addresses the situation where the relative of a judge has an interest that could be substantially affected by the outcome of the case. *See* Code of Judicial Conduct, Canon 3(E)(1)(c). Hathcock claims that Judge Terry should have recused himself because his son, a district claims manager of Farm Bureau, had an interest in the outcome of the litigation. There is no evidence presented by Hathcock showing that Judge Terry's son had a "legal" interest that could be substantially affected by the outcome of this proceeding. *See Buchanan v. Buchanan*, 587 So. 2d 892, 896 (Miss. 1991) (stating that the "Canon's concept of interest refers to a legal interest that will be affected by the final judgment"). Therefore, no objective reasonable person would conclude that Judge Terry was

11

not impartial.

¶21.    Canon 2(B) of the Code of Judicial Conduct states in pertinent part: "Judges *shall* not allow their family, social, or other relationships to influence the judges' judicial conduct or judgment."  (Emphasis added).  There is no evidence in the record from which a reasonable person could conclude that his familial relationship influenced Judge Terry's judgment in this case.

¶22.    Canon 3(B)(1) of the Code of Judicial Conduct states: "A judge *shall* hear and decide all assigned matters within the judge's jurisdiction except those in which disqualification is *required*."  (Emphases added).  Under the facts and circumstances in this case, it is evident that disqualification was not required.

¶23.    Subsection (E)(1)(a) of Canon 3 states that a judge should disqualify himself if "the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  In the absence of a judge expressing a bias or prejudice toward a party or proof in the record of such bias or prejudice, a judge should not recuse himself.  Here, we find no evidence in the record to support a finding that Judge Terry had a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts.

¶24.    Additionally, Subsection (E)(1)(b) of Canon 3 states that a judge should disqualify himself if "the judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning [the matter in

12

controversy]." However, the record does not support that Judge Terry served as a lawyer in the matter, was previously associated with a lawyer who served in the matter in controversy, or was a material witness or associated with a lawyer who was a material witness in the matter of controversy.

¶25. We note that the Commentary to Canon 3(E)(1) states that a judge should disclose on the record such information that the judge believes the parties or their attorneys might consider relevant to the question of his disqualification, notwithstanding the judge's belief that there is no real basis for disqualification. Judge Terry evidently believed he should follow his longstanding practice of disclosing the aforementioned, notwithstanding the judge's belief that there is no real basis for disqualification.

¶26. In this case, Judge Terry notes that since the record lacks such a disclosure, he therefore assumes that he did not execute his self-imposed safeguard. A review of the record does not reveal such a disclosure by Judge Terry of this fact, and therefore, we, as Judge Terry, must assume he did not. However, this is of no consequence because neither disclosure is required, per se. *See generally* Miss. Const. art. VI, § 165; Miss. Code Ann. § 9-1-11; Code of Judicial Conduct, Canon 3; URCCC 1.15. Even had Judge Terry made the disclosure, the ultimate result would be no different because there is no real basis for disqualification. Assuming arguendo that Judge Terry's failure to disclose would be error, it would be de minimus at best, and therefore, harmless, as had Hathcock been informed of the son's employment and/or Judge Terry's prior representation was neither a basis for disqualification or recusal. In the case sub judice, there are two undisputed facts, (1) Judge Terry's prior

13

representation of Farm Bureau, and (2) Judge Terry's son's employment with Farm Bureau in an unrelated capacity. Hathcock has offered this Court no additional facts. Accepting those two facts together, does not create a reasonable doubt as to Judge Terry's impartiality.

### C. Past Representation.

¶27. It should be noted that no language can be found in the Mississippi Constitution of 1890, Mississippi Code Annotated, Code of Judicial Conduct or URCCC requiring, or even suggesting, that a judge's prior representation of a party, absent additional circumstances, is a basis for recusal. This relationship, standing alone, is an insufficient basis for recusal and not supported by Article 6, Section 165 of the Miss. Const. of 1890, Miss. Code Ann. § 9-1-11, Canon 3 of the Code of Judicial Conduct, URCCC 1.15 or applicable case law. It is evident that no objective reasonable person could conclude otherwise.

### CONCLUSION

¶28. We find that the Miss. Const. of 1890, the Miss. Code Ann., the Code of Judicial Conduct, the URCCC, and applicable case law do not require Judge Terry to disclose these relationships to the parties. Furthermore, following a review of the case in its entirety and examining Judge Terry's rulings, we find that no objective reasonable person would question Judge Terry's impartiality, and any error that may have occurred was harmless beyond all reasonable doubt. Consequently, Judge Terry did not manifestly abuse his discretion in denying Hathcock's motion for relief. The judgment of Harrison County Circuit Court is affirmed.

¶29. **AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, CARLSON AND DICKINSON, JJ., CONCUR. DIAZ AND GRAVES, JJ., NOT PARTICIPATING.**