IRVING, J.,
 

 for the Court.
 

 ¶ 1. James A. Steward was convicted in Oktibbeha County of sexual battery and fondling. On May 7, 2001, he was sentenced by the Oktibbeha County Circuit Court to serve twenty years for the sexual battery and to serve ten years for the fondling, with the sentences to run consecutively, in the custody of the Mississippi Department of Corrections.
 

 ¶ 2. Steward filed a motion for post-conviction relief (PCR) on April 14, 2008, and the circuit court denied the motion on the ground that it was time-barred and did not meet any of the exceptions contained in Mississippi Code Annotated section 99-39-5 (Rev.2007). Aggrieved, Steward appeals and asserts: (1) that the convictions and sentences resulting from the multi-count indictment are illegal, (2) that his claim falls within one of the statutory exceptions to the three-year statute of limitations for filing a PCR motion, (3) that the verdict is against the overwhelming weight of the evidence, and (4) that he received ineffective assistance of counsel.
 

 ¶ 3. Finding that Steward untimely filed his PCR motion, we affirm the judgment of the circuit court.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶ 4. Mississippi Code Annotated section 99-39-5(2) provides the time limitation for filing a PCR motion and lists the specific instances that are excepted as follows:
 

 A motion for relief under this article shall be made within three (3) years after the time in which the petitioner’s direct appeal is ruled upon by the Supreme Court of Mississippi or,
 
 in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.
 
 Excepted from this three-year statute of limitations are those cases in which the petitioner can demonstrate either:
 

 (a)(i) That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or
 

 (ii) That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subject
 
 *897
 
 ed to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution,
 

 (b) Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
 

 (Emphasis added).
 

 ¶ 5. As mentioned above, Steward was sentenced on May 7, 2001.
 
 [1]
 
 Accordingly, pursuant to section 99-39-5(2), in order for his PCR motion to have been timely filed, Steward should have filed his motion by May 7, 2004, or June 7, 2004.
 
 [2]
 
 Instead, Steward filed his motion on April 14, 2008-almost four years later. Steward argues that the filing of his PCR motion is excepted from the time limitation because a fundamental constitutional right is at stake. Specifically, Steward argues that his convictions and sentences are illegal and, thus, unconstitutional because the convictions and sentences arose from a multi-count indictment and a single trial. Illegal sen-fences are not specifically included in the exceptions listed in section 99-39-5(2). However the supreme court has held “that errors affecting fundamental constitutional rights, such as the right to a legal sentence, may be excepted from procedural bars.... ”
 
 Ivy v. State,
 
 731 So.2d 601, 603(¶ 13) (Miss.1999) (citing
 
 Luckett v. State,
 
 582 So.2d 428, 430 (Miss.1991)).
 

 ¶ 6. Steward, citing
 
 Faraga v. State,
 
 514 So.2d 295 (Miss.1987) and
 
 Johnson v. State,
 
 452 So.2d 850 (Miss.1984), argues that his sentence is illegal because he was improperly indicted and sentenced for two offenses when he should have been sentenced for only one. Specifically, Steward argues that it was improper for the State to charge two counts in a single indictment and that the fondling charge merged with the sexual battery charge. Neither of these cases stand for the proposition urged by Steward.
 
 [3]
 

 ¶ 7. As stated, the circuit court denied Steward’s PCR motion, finding that it was time-barred and did not fall within any of the exceptions listed in section 99-39-5. We agree. Steward is mistaken regarding his contention that it is illegal for the State to charge more than one count in a single indictment. URCCC 7.07. Steward is also mistaken in his contention that the fondling charge merged into the sexual battery charge. It is true that the indictment charged that the fon
 
 *898
 
 dling occurred over a period of time that included the specific date of the sexual battery, but that fact does not mandate that the fondling charge merged into the sexual battery charge. Sexual battery and fondling are separate crimes. Sexual battery requires penetration; fondling does not.
 
 [4]
 

 ¶ 8. We, therefore, find that Steward was neither improperly indicted nor improperly sentenced. That being the case, it is apparent that nothing contained in his PCR motion moved it beyond the procedural bar of section 99-39-5. Consequently, we affirm the judgment of the circuit court dismissing Steward’s PCR motion as time-barred.
 

 ¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
 

 LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ„ CONCUR. KING, C.J., CONCURS IN RESULT ONLY. ROBERTS, J., CONCURS IN PART AND IN THE RESULT.
 

 [1]
 

 . The record does not reflect the date that Steward was convicted.
 

 [2]
 

 . The record is not clear as to whether Steward pleaded guilty or was found guilty by a jury verdict. Steward's PCR motion states that he pleaded guilty, while the circuit court's sentencing orders state that he was found guilty by a jury verdict. In either instance, pursuant to section 99-39-5(2), Steward was required to file his motion for post-conviction relief by May 2004 or June 2004. Since we know that Steward did not file a direct appeal, May 2004 would have been the deadline if he pleaded guilty, and June 2004 would have been the deadline if he were found guilty by a jury.
 

 [3]
 

 .We note that
 
 Johnson
 
 does hold that it was improper for the State to charge and tiy Johnson on two separate counts in a single proceeding. However,
 
 Johnson
 
 predates passage of the Uniform Rules of Circuit and County Court, which now allow for a multi-count indictment.
 

 [4]
 

 . The crime of fondling is proscribed by Mississippi Code Annotated section 97-5-23 (Rev.2006), which makes it a felony to: "for die purpose of gratifying lust ... handle, touch or rub with ... any part of his or her body ... any child....” By contrast, the crime of sexual battery is proscribed by section 97-3-95 (Rev.2006), which reads, in pertinent part: "A person is guilty of sexual battery if he or she engages in sexual penetration with ... [a] child....”