CARLTON, J.,
Dissenting:
¶ 13. I respectfully dissent. The majority reverses and renders Christopher Minor’s conviction for gratification of lust. The majority opinion states that the gratification-of-lust conviction arose from the same event underlying the sexual-battery charge; thus, the two crimes must be merged. I disagree.
¶ 14. Minor was indicted for three separate counts for committing three sexual offenses upon his daughter when she was eight years old. The State dismissed one of the two counts of sexual battery prior to trial. Minor thereafter faced trial on one count of sexual battery and one count of *1006 committing gratification of lust[2] upon his minor daughter when she was eight years old. Unfortunately, his daughter was twelve years old at the time of trial. Nonetheless, a review of the record reflects evidence and inferences reasonably drawn from the testimony that support the jury’s verdict convicting Minor of these separate offenses.
¶ 15. Count I of the indictment charged Minor with committing sexual battery upon his daughter by inserting his penis into her mouth on or about and between February 5, 2006, and the August 12, 2006.[3] Count II of the indictment charged him with committing sexual battery against his daughter by placing his tongue into her vagina between the dates of February 5, 2006, and August 12, 2006. Then, in Count III, the State indicted Minor for unlawfully licking his minor daughter for the purpose of gratifying his lust between the February 5, 2006, and August 12, 2006.
¶ 16. Mississippi Code Annotated section 97-5-23 (Rev.2006) sets forth the offense of lustful touching of a minor, or fondling, and this offense requires a touching for gratification of lustful purposes but requires no penetration. Mississippi Code Annotated section 97-3-95 (Rev.2006) sets forth the offense of sexual battery and requires proof of penetration to prove this offense. When the lustful touching occurs on the same occasion and as a part of the act of penetrating the victim, then the convictions, in my view, could be merged, as done by the majority, as a lesser-included offense. However, the evidence in this case supports separately convicting and sentencing Minor for the separate offenses of fondling and sexual battery occurring on different occasions between the months of February 5, 2006, and August 12, 2006. Therefore, I submit that the majority inappropriately merges the convictions. See Tapper v. State, 47 So.3d 95, 103 (¶ 30) (Miss.2010) (no merging where the unlawful-touching counts concern separate events from the sexual-battery counts); Steward v. State, 18 So.3d 895, 897-98 (¶ 7) (Miss.Ct.App.2009) (“[T]he indictment charged that the fondling occurred over a period of time that included the specific date of the sexual battery, but that fact does not mandate that the fondling charge merged into the sexual battery charge. Sexual battery and fondling are separate crimes.”).
¶ 17. In finding that the evidence herein supports separate convictions for separate underlying acts, I acknowledge that the prosecutor failed to elicit much factual detail of the offenses during the trial and also failed to elicit clarification from Minor’s daughter, Jane, during her testimony. Jane testified as to the details of only one of the occasions of abuse, but she also testified that Minor abused her like this more than once, stating:
Q: Now, how often would your daddy do this to you?
A: I know he did it more than once.
Q: You know he did it more than once?
A: Yes.
Q: And he did it several times?
A: Yes, sir.
Q: And would he do the same thing every time?
A: No, sir.
Jane also began to describe another occasion that occurred in New Orleans, Louisiana. I recognize that no testimony was elicited to clarify the other acts or other times, but logical inferences that other instances of abuse occurred may be made from the evidence provided in Jane’s testi *1007 mony. Broomfield v. State, 878 So.2d 207, 215 (¶ 31) (Miss.Ct.App.2004) (“Our system of justice allows the jury to make logical and reasonable inferences and presumptions.”).
¶ 18. In addition to Jane’s testimony, the record contains the testimony of her therapist, Chris Huff, who testified that Jane had told him about two occasions of sexual abuse. Again, Huff only testified as to the details of one occasion. Jane’s and Huffs testimonies also laid the foundation of physical signs of continued sexual abuse during the time period of Minor’s visitation.
¶ 19. As stated, Jane was eight years old at the time the offenses occurred, but she was twelve years old at the time of trial. Jane’s testimony in court reflected a child’s concept of time and was clouded with pain. Jane testified that when her father would pick her up for visitation during the indicted time frame, he would take her to his mother’s house. With respect to when the abuse began, Jane testified that her father started touching her inappropriately sometime after the time of her birthday in February 2006. Minor’s visitation ended in August 2006[4] when the child disclosed the abuse to her mother.
¶ 20. Jane testified that on more than one occasion, Minor climbed into the top bunk of the bunk bed with her and took her underpants off and then put his tongue in her “front, private area.” She testified that she did not remember exactly how many times her father did this to her, but she knew he did it more than once. Jane testified that Minor did not perform the same acts or “do the same thing” each time.[5] She also referred to an occasion when he took her to Louisiana and made her “watch nasty pictures, stuff like that.”
¶ 21. Huff, Jane’s therapist, testified that upon disclosure of the abuse, Jane possessed difficulty talking about the events with him. Corroborating Jane’s testimony of abuse occurring on more than one occasion, Huff testified that Jane told him about two incidents[6] where her father sexually abused her, and he stated that Jane told him that the first occasion took place on the top bunk at her grandmother’s house during a visitation with her father. Huff testified that Jane told him that Minor had kissed her on her mouth a lot, and Minor took Jane’s clothes off, rubbed her private area, and locked her in a closet. Huff stated that Jane also told him about her father putting his tongue in her privates.
¶ 22. Jane’s mother testified that when Jane disclosed or “spilled” to her about the sexual abuse, that Jane “spilled it all, no dates.” Her mother also stated that Jane shared knowledge sexually inappropriate for her age. With respect to the date that the abuse ended, Jane’s mother testified that her daughter disclosed the abuse to her in August 2006, and she immediately took Jane to the hospital and notified the sheriffs department. Jane’s mother explained that discussing the abuse by her father is painful for Jane, and the only *1008 time Jane talks about what happened is during her counseling sessions. She also explained that Jane revealed, however, that sexual abuse did occur when she went with her father to Louisiana for two weeks.
¶ 23. Providing circumstantial evidence of continued sexual abuse, Jane’s mother further testified that during the time period in question, her daughter’s behavior changed when she would return home from a visit with Minor. With respect to specific behavior changes, her mother observed that Jane appeared depressed when she returned home from visitation, her grades suffered; and upon her return, she immediately started wetting the bed at night. Based upon our review, the record reflects that the jury heard testimony and circumstantial evidence of sexual abuse occurring on more than one occasion.
¶ 24. Jerry Spell, an investigator with the Copiah County Sheriffs Department, arrested Minor in August 2006. Spell testified that when he questioned Minor about Jane’s allegations, Minor stated that he was “just trying to teach her something.”
¶ 25. Upon review, Minor faced trial on two counts charging separate offenses of sexual battery and gratification of lust upon his daughter by licking her private area between the time period of February 5, 2006, and August 12, 2006. A jury heard the evidence, deliberated, and convicted Minor for those separate offenses set forth in those two counts. In support of the jury’s verdict, Jane testified before the jury that her father had engaged in different sexual acts with her on more than one occasion, and she specified that on one occasion, her father placed his tongue in her front private area. This testimony in my view supports his conviction for sexual battery for penetrating her with his tongue. Jane also testified that Minor did not perform the same acts each time. Huff testified that Jane revealed that Minor had kissed Jane on her mouth a lot, took her clothes off, rubbed her private area, put his tongue in her front private area, and performed sexual abuse on her on two occasions. This testimony of rubbing her private area and kissing her mouth a lot supports a conviction for fondling occurring on more than one occasion. Therefore, in my view, this testimony is sufficient to support a conviction and sentencing as to both counts. See Bush v. State, 895 So.2d 836, 843-44 (¶¶ 16-17) (Miss.2005). If this evidence is not considered sufficient, the record contains further corroborating and circumstantial evidence.
¶ 26. Jane’s mother also testified as to Jane’s disclosure of the sexual abuse on August 12, 2006, as well as Jane’s changed behavior, bed wetting, and depressed mood in the months prior to the disclosure of the abuse upon returning from visitation with her father between February 5, 2006, and August 12, 2006. Huff acknowledged Jane’s difficulty in discussing the abuse performed upon her by her father.
¶27. Based on the foregoing, a jury could reasonably infer from this evidence that sexual abuse occurred throughout this period of visitation. After reviewing the record, I respectfully submit that the jury received sufficient evidence and reasonable inferences to support separate convictions and sentences for the offenses of sexual battery and for gratification of lust occurring between the dates of February 5, 2006, and August 12, 2006. Therefore, I must respectfully dissent from the majority’s decision to reverse and render as to Minor’s conviction of gratification of lust.

. Also referred to as the offense of fondling.

. Count one was later dismissed prior to trial.

. Her therapist, Huff, testified that Jane had told him about two incidents wherein her father sexually abused her. The therapist testified that Jane told him her father kissed her on her mouth a lot and rubbed her private area.

. I acknowledge that the record reflects that testimony was not elicited from Jane as to what other acts Minor performed on her. The record shows she testified that he licked in her front private on more than one occasion and that he did not perform the same acts each time.

.Huff’s testimony reflects only that Jane told him of two incidents of abuse that occurred, but Huff provided no testimony as to what occurred on those two occasions of abuse.