MAXWELL, J., for the Court:
¶ 1. Carl Ray Brandon’s motion for post-conviction relief (PCR) violated the statutory requirement that a motion may only attack one judgment.[1] While multiple judgments require multiple motions, Brandon’s singular motion attacked four convictions in two separate cause numbers following both guilty verdicts and a guilty plea. But because the specially appointed judge found Brandon’s PCR motion lacked merit, we find no harm in the judge’s consideration of the multiple judgments in a single motion.
¶ 2. However, each judgment challenged in Brandon’s motion was subject to its own time limitation. And we find Brandon was procedurally barred from challenging the conviction resulting from his plea of guilty to manslaughter because he failed to file his PCR motion within three years of entering the plea. The' one-judgment rule prohibited Brandon from circumventing this bar by bringing the untimely PCR challenge in the same motion as timely challenges to his convictions following the jury verdicts.
*1003 ¶ 3. Since the manslaughter-conviction challenge was untimely and because the judge did not clearly err in finding Brandon failed to show he was entitled to relief from any of his remaining convictions, we affirm the judgment denying Brandon’s PCR motion.
Background
¶ 4. In March 2006, Brandon, a former Claiborne County employee, went on a shooting rampage, killing the county attorney, injuring another county employee, and shooting into the home of the county administrator. In Claiborne County Circuit Court Cause No.2006-40, Brandon was indicted for three crimes: (1) murder of the county attorney, (2) aggravated assault of the county administrator, and (3) discharging a firearm into the occupied dwelling of the county administrator. In Cause No.2006-41, Brandon was indicted for a fourth crime: aggravated assault of the county employee.
¶ 5. Brandon was tried for all four crimes in the same trial. The Mississippi Supreme Court appointed Judge Frank G. Vollor to preside as special judge. The jury found Brandon guilty of both counts of aggravated assault and guilty of discharging a firearm into an occupied dwelling. But the jury was hung on the murder charge. Two weeks later, Brandon pled guilty to the reduced charge of manslaughter. Judge Vollor accepted Brandon’s guilty plea and — following the State’s recommendation based on the plea bargain— entered consecutive sentences for all four convictions, for a total of seventy years’ imprisonment.[2]
¶ 6. In a single PCR motion, Brandon sought relief from all four convictions. The supreme court again appointed Judge Vollor to preside as special judge over Brandon’s PCR matter. On the first day of the PCR hearing, Brandon orally moved for Judge Vollor’s recusal, which was denied. During the hearing, Brandon moved for a continuance, which was also denied. After considering Brandon’s evidence that his trial counsel was constitutionally ineffective, Judge Vollor denied Brandon’s PCR motion.
¶7. Brandon appeals. He challenges not only the denial of his PCR motion but also the denials of his motions for recusal and continuance made during the PCR hearing.
Discussion
¶8. On appeal, we do what Brandon should have done — treat as separate motions his attacks on the validity of multiple judgments. See Miss.Code Ann. § 99-39-9(2) (Supp.2012). In doing so, we find that Brandon’s attack on the validity of his manslaughter conviction is procedurally barred as untimely. Thus, we reject all of his appellate issues solely related to his manslaughter conviction as time-barred.
¶ 9. For the remaining convictions, we find no manifest abuse of discretion in the judge’s denying Brandon’s motion to re-cuse and no error in the judge’s finding Brandon failed to show he was entitled to post-conviction relief.
I. Procedurally Barred Issues
¶ 10. Section 99-39-9(2) clearly limits a PCR motion “to the assertion of a claim for relief against one (1) judgment only.” This means that “a separate motion for post-conviction relief must be filed for each cause number or conviction.” Bell v. State, 2 So.3d 747, 749 (¶ 5) (Miss.Ct.App. *1004 2009). So while Brandon was sentenced for all four convictions in the same sentencing order, he could not attack all four convictions in the same PCR motion. See Hundley v. State, 803 So.2d 1225, 1229 (¶ 9) (Miss.Ct.App.2001) (noting that section 99-39-9(2) required separate PCR motions to attack guilty pleas in two different cause numbers, even though the pleas were taken in the same hearing).
¶ 11. As we did in Bell, we find no harm in Judge Vollor’s consideration of Brandon’s single PCR motion, filed in violation of section 99-39-9(2), because he found there was no merit to the PCR motion. See Bell, 2 So.3d at 749 (¶ 5); see also Mock v. State, 76 So.3d 223, 225 (¶ 10) (Miss.Ct.App.2011) (holding the judge’s “ruling on the judgments raised in a single motion caused no harm”). But Brandon’s PCR motion also violated another PCR statute, Mississippi Code Annotated section 99-39-5(2) (Supp.2012), at least in part. And this violation we cannot overlook.
¶ 12. Under section 99-39-5(2), a movant has three years to file a PCR motion, and failure to file a PCR motion within the three years is a procedural bar.[3] White v. State, 59 So.3d 633, 635 (¶ 6) (Miss.Ct.App.2011) (citations omitted). The point in time that this three-year period begins to run differs depending on whether the conviction was based on a guilty plea or a jury verdict. Miss.Code Ann. § 99-39-5(2). “[I]n case of a guilty plea,” the movant has three years “after entry of the judgment of conviction.” Id. But with a jury verdict, if no direct appeal was taken, the movant has three years from when “the time for taking an appeal from the judgment of conviction or sentence has expired.” Id.
¶ 13. Because section 99-39-9(2) required separate motions for separate convictions, each of Brandon’s convictions is subject to its own time-bar under section 99-39-5(2). Though the sentencing order for all four convictions was entered the same day, July 9, 2007, when the three-year period began — and ended — for each conviction was not the same. The time to file a PCR motion for the manslaughter conviction ended July 9, 2010 — three years after the judgment of conviction based on Brandon’s guilty plea. See Miss.Code Ann. § 99-39-5(2). But the time to file for the remaining convictions was not until August 8, 2010 — three years after the time to appeal the judgment based on the jury’s verdict expired. See id.; see also Steward v. State, 18 So.3d 895, 897 (¶ 5) & n. 2 (Miss.Ct.App.2009) (noting a PCR movant, who was sentenced in May 2001 and did not directly appeal, had until May 2004 to file a PCR motion if he pleaded guilty and June 2004 if he were found guilty by a jury). Brandon filed his motion on August 5, 2010. While his motion presented timely challenges to his aggravated-assault and discharging-a-firearm convictions, any claim for relief against his manslaughter conviction was barred under section 99-39-5(5).
¶ 14. Consequently, many of the issues raised in Brandon’s appeal are barred because they relate solely to the challenged manslaughter conviction. Brandon claims he was entitled to post-conviction relief because his trial counsel was constitutionally ineffective. See Hill v. State, 60 So.3d 824, 826-27 (¶5) (Miss.Ct.App.2011) (citing Strickland v. Wash *1005 ington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)) (discussing the two-prong test of (1) deficiency and (2) prejudice required to show ineffective assistance). One of Brandon’s main theories of why his counsel was ineffective is that his counsel failed to investigate and call as a defense witness at trial a man that Brandon alleges saw the county administrator remove a gun from the body of the county attorney.
¶ 15. Though not fully articulated, presumably Brandon is asserting that his trial counsel was deficient for not putting on evidence of self-defense. As this defense would have been solely to the murder charge, to which Brandon pled guilty to the lesser-offense of manslaughter, we find Brandon’s claim proeedurally barred. We further note Brandon’s claim that his counsel failed to call certain witnesses goes to his counsel’s trial strategy, which we will only second guess in exceptional circumstances not present in this case. See Shorter v. State, 946 So.2d 815, 819 (¶ 15) (Miss.Ct.App.2007) (citations omitted) (“The decision of whether or not to call a witness to the stand falls within the ambit of trial strategy.”). As Judge Vollor noted, Brandon’s trial counsel made the strategic choice to put forward an insanity defense, versus self-defense. And the judge was correct that it is not the role of the court to second guess that choice.
¶ 16. Likewise, as Brandon’s motion for a continuance was made so that he could present additional evidence about this theory, we find this motion was properly denied. Not only did Brandon seek a continuance for a barred PCR claim, he also failed to show the denial of a continuance was manifestly unjust, as the record shows it was Brandon’s lack of diligence that led to a witness not appearing and the wrong transcript being brought to the PCR hearing. See In re Dissolution of Marriage of Profilet, 826 So.2d 91, 93 (¶ 6) (Miss.2002) (citations omitted) (“The decision to grant or deny a motion for a continuance is within the discretion of the trial court and will not ... [be] reversed] unless shown to have resulted in manifest injustice.”).
II. Remaining Issues

A. Recusal Motion

¶ 17. We also find Brandon’s motion requesting that Judge Vollor re-cuse from the PCR matter was properly denied. A trial judge is presumed to be unbiased. Hathcock v. S. Farm Bur. Cas. Ins. Co., 912 So.2d 844, 848 (¶9) (Miss.2005). While this presumption may be overcome by evidence producing a reasonable doubt as to the judge’s impartiality, Brandon produced no such evidence. See Tubwell v. Grant, 760 So.2d 687, 689 (¶ 7) (Miss.2000).
¶ 18. Brandon accuses the judge of failing to disclose his close friendship with the slain county attorney but cites no evidence showing a close friendship or calling into doubt the judge’s impartiality. Judge Vollor acknowledged that he knew the county attorney — as he knew all the attorneys who practiced before him in the Claiborne County Circuit Court — but not closely enough to affect his impartiality. The decision of impartiality belonged to the judge, and we find no manifest abuse of discretion. See Hathcock, 912 So.2d at 849 (¶ 11) (‘When a judge is not disqualified under the constitutional or statutory provisions, the propriety of his or her sitting is a question to be decided by the judge, and on review, the standard is manifest abuse of discretion.” (quoting Farmer v. State, 770 So.2d 953, 956 (¶ 6) (Miss.2000))).[4]
*1006 ¶19. Brandon also alleges the judge’s exclusion of certain evidence at his 2007 trial shows the judge is biased. A record of these rulings are not part of the PCR record, so this allegation is totally unsupported. But even if the rulings were part of the record, “[a] trial judge will not be found to be biased just because a defendant does not agree with a judge’s ruling.” Freshwater v. State, 794 So.2d 274, 278 (¶ 11) (Miss.Ct.App.2001) (holding PCR movant had “failed to produce any evidence lending credence to his assertion that the judge was prejudiced against him merely because he was the same judge that had dealt with his case from the beginning”).
¶ 20. Brandon’s last allegation of bias is based on the denial of his motion to continue the PCR hearing. Brandon told the judge he needed a continuance because the wrong witness was subpoenaed and he did not have a transcript he wished to read into evidence. However, the judge found the missing witness and transcript were due completely to Brandon’s lack of diligence. Brandon did not attempt to secure the witness’s attendance until two days before the hearing, and he had the transcript but failed to ensure he brought it to the hearing. “The decision to grant or deny a motion for a continuance is within the discretion of the trial court and will not ... [be] reversed] unless shown to have resulted in manifest injustice.” In re Dissolution of Marriage of Profilet, 826 So.2d 91, 93 (¶ 6) (Miss.2002) (citations omitted). As there was no manifest injustice to cure, the denial of a continuance was not an abuse of discretion — and certainly not an example of judicial bias.
¶ 21. Given the presumption of impartiality, the judge’s discretion over this issue, and Brandon’s lack of evidence to substantiate his bias claims, we find no error in the denial of recusal.

B. PCR Motion

¶ 22. Finally, in additional to being procedurally barred, we find that Brandon’s PCR motion was properly denied on the merits.
¶ 23. Brandon’s PCR motion claimed he was entitled to relief because trial counsel was constitutionally ineffective. After the PCR hearing, the judge found all of Brandon’s examples of alleged ineffective assistance did not meet the two-part test of Strickland. See Strickland, 466 U.S. at 687, 104 S.Ct. 2052 (holding that, to prove ineffective assistance of counsel, a movant must show: (1) his attorney’s performance was deficient, and (2) the deficiency was prejudicial); see also Miss.Code Ann. § 99-39-23(7) (Supp.2012) (placing burden on the PCR movant to show by a preponderance he is entitled to relief). And we can find no clear error in the judge’s findings. See McDonald v. State, 16 So.3d 83, 84 (¶ 4) (Miss.Ct.App.2009) (citation omitted) (holding the denial of a PCR motion will only be overturned if based on clearly erroneous factual findings).
*1007 ¶ 24. Brandon attacks the judge’s finding on the claim that Brandon’s trial counsel was deficient for not discovering that the Port Gibson Police Department’s officer who investigated Brandon’s crime had a lapsed certification. Brandon argues his counsel’s deficiency prejudiced him because Brandon could have used this fact to attack the officer’s credibility as a witness for the State. But the judge found there was no legal requirement that the investigating officer had to hold certain certifications in order to investigate the crimes or testify at trial. Further, the evidence showed the investigator had been trained and certified. And though his certification had lapsed at the time Brandon went on his shooting spree, the officer had his certification renewed a few months later. Thus, we find no error in the judge holding that any attack Brandon’s counsel could have made on the officer’s credibility would not have affected the outcome of the trial. See Hill, 60 So.3d at 827 (¶ 5) (“For prejudice to exist, there must be a ‘reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.’ ” (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052)).
¶ 25. Also, Brandon claims the judge denied him his “reserved right” to present “supplemental claims” at the PCR hearing. But the PCR statutes do not provide an unfettered right to present claims not alleged in the PCR motion. Instead, the relevant statute requires that a PCR motion contain a “concise statement of the claims or grounds upon which the motion is based.” Miss.Code Ann. § 99-39-9(l)(c) (Supp.2012). And a motion to amend the PCR motion must be made within thirty days of filing. Williams v. State, 98 So.3d 1090, 1092 (¶ 11) (Miss.Ct.App.2012) (citing Faye v. State, 859 So.2d 393, 394 (¶¶ 5-6) (Miss.Ct.App.2003)). Thus, we find no error in the judge’s refusal to allow Brandon to present claims that were not contained in his PCR motion or a timely motion to amend.[5]
¶ 26. Because we find no error in the judge’s denial of Brandon’s PCR motion, we affirm.
¶ 27. THE JUDGMENT OF THE CLAIBORNE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. IRVING, P.J., AND JAMES, J„ NOT PARTICIPATING.

. See Miss.Code Ann. § 99-39-9(2) (Supp.2012).

. Brandon received twenty years for manslaughter, twenty years for aggravated assault of the county administrator, ten years for discharging a firearm into an occupied dwelling, and twenty years for aggravated assault of the county employee — for a total sentence of seventy years in the custody of the Mississippi Department of Corrections.

. While there are statutory and fundamental-rights exceptions to the time-bar, it is the movant’s burden to prove an exception applies. White v. State, 59 So.3d 633, 635 (¶ 8) (Miss.Ct.App.2011) (citations omitted). Here, Brandon has not addressed the time-bar at all — let alone shown why an exception applies.

. This is not a case where the judge had a prohibited relationship with either party requiring him to recuse. The Mississippi Constitution prohibits a judge from presiding over a case where he is related by blood or marriage to either party or where he is interested in the case. Miss. Const. art. 6, § 165; see also Hathcock, 912 So.2d at 850 (¶ 13) (explaining what constitutes a prohibited relationship of "affinity” and "consanguinity”). And the Mississippi Code prohibits presiding over a case where the judge is related by blood or marriage to either party, has an interest in the outcome of the case, or may have been of counsel — meaning may have "actually participated in the prosecution or defense of the case in controversy.” Hathcock, 912 So.2d at 850 (¶ 15) & n. 3 (citing Miss.Code Ann. § 9-1-11 (Rev.2002)).

. Further, we note these "supplemental claims” related primarily to Brandon’s manslaughter-conviction challenge, which we find untimely.