## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 96-CA-00068-SCT

*IN THE MATTER OF THE GUARDIANSHIP OF*
*JAIME MARY-JEAN SNODGRASS, A MINOR*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/19/95 |
| TRIAL JUDGE: | HON. DENISE OWENS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | RONALD REID WELCH |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 4/17/97 |
| MOTION FOR REHEARING FILED: | 5/1/97 |
| MANDATE ISSUED: | 8/14/97 |

**BEFORE PRATHER, P.J., PITTMAN AND SMITH, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

¶1. At issue in this case is a motion to "unconsolidate", which the appellants filed as guardians of a minor child. Basically, the appellants wanted the Hinds County Chancery Court to assign the guardianship case of this minor to a different division within that court. After filing the motion to "unconsolidate", the appellants were replaced as guardians by agreement. Subsequently, the chancellor dismissed the motion to "unconsolidate", and this appeal was filed.

¶2. The appellants request that this Court dictate to the Hinds County Chancery Court which chancellor should hear this guardianship case. We decline to do so.

### STATEMENT OF THE CASE

¶3. This case arises from the death of Julie Myers Snodgrass. Snodgrass died intestate February 26, 1991. She was survived by her husband (Joseph Snodgrass) and her three children (Jaime Amanda-Maryjean Snodgrass, Joshua Charles-Markus Snodgrass, and Kristen Suzanne Myers). Her husband, Joseph, was subsequently convicted of conspiracy to commit her murder and sentenced to life in prison.

¶4. As a result of Julie Snodgrass' death, five separate actions arose before the Chancery Court of Hinds County:

1) The estate of Julie Snodgrass was opened and assigned to Division One of the Hinds County Chancery Court.

2) A separate guardianship was established for each of the three minor children. Barbara Jean Snodgrass Welch and her husband, Ronald Reid Welch, were appointed as guardians of Jaime and Joshua. Kristen's grandmother, Nancy Myers, was appointed as her guardian. Joshua and Kristen's guardianship cases were assigned to Division Three of the Hinds County Chancery Court. Jaime's guardianship case (which is the case *sub judice*) was assigned to Division Four.

3) An interpleader action was filed by John Hancock Mutual Life Insurance Company for proper distribution of the proceeds of a life insurance policy on the decedent, Julie Snodgrass. That case was assigned to Division Three.

¶5. Because Guardian Barbara Jean Snodgrass was the secondary beneficiary on the life insurance policy at issue in the interpleader case, a guardian *ad litem* was appointed for all three minors with regard to the interpleader. On April 13, 1993, the guardian *ad litem* filed a "Motion to Consolidate [all five] Various Cases in a Single Division [of the Hinds County Chancery Court]", so that they could be heard by one chancellor in one division of the Hinds County Chancery Court. The motion was granted by Chancellor Denise Owens, and all five cases were assigned to Division Three of the Hinds County Chancery Court.

¶6. Chancellor Owens filed a letter and attached pleadings with the Clerk of this Court in response to this appeal. Chancellor Owens indicated that the impetus for consolidating the cases was the fact that another chancellor had approved expenditures on Jaime's behalf that Chancellor Owens had previously denied. The children's guardian *ad litem* in the interpleader case had expressed concern over the numerous expenditures that had been approved in Jaime's case. The chancellors met and decided that Chancellor Owens would hear all five cases involving the Snodgrass family. This decision was made pursuant to Local Rule 20 of the Hinds County Chancery Court, which provides as follows: "Civil actions which need to be consolidated with similar actions will, upon approval of the Chancellors involved, be all consolidated in the division where the civil action with the lowest number has been pleaded."

¶7. After the court disposed of the interpleader case, Jaime's guardians (the appellants/Welches) moved to "unconsolidate" her guardianship case on November 16, 1995. That is, they wanted the chancellor who had originally been scheduled to hear Jaime's guardianship matters -- not Chancellor Owens (who had previously denied the Welches request to buy Jaime a car).

¶8. Thereafter, on December 5, 1995, Nancy Myers was appointed to be Jaime's guardian and the Appellants (Ronald and Jeanie Welch) were relieved of their duties as Jaime's guardians. The order indicated that Jaime, age 16, had expressed her preference that Myers be named her guardian. The order also indicated that the parties had agreed that it would be in Jaime's best interest for Myers to be substituted as Jaime's guardian.

¶9. On December 19, 1995, Chancellor Owens dismissed the motion to "unconsolidate" Jaime's guardianship case from Division Three of the Hinds County Chancery Court. From that ruling, the Welches appeal, and raise only one issue for consideration by this Court.

**Whether it was reversible error for a Hinds County Chancellor to deny appellants' motion to "unconsolidate" this guardianship from a life insurance interpleader case that had been finally concluded, and to deny, in the same order, reassignment of the guardianship back to the chancellor originally assigned upon filing?**

## LEGAL ANALYSIS

¶10. Clearly, the appellants, who were not the child's guardians when the ruling at issue was made by the chancellor, lack standing to appeal that ruling. In addition, the appellants' failure to cite authority in support of their argument precludes consideration on appeal.[1] ***Grey v. Grey***, 638 So. 2d 488, 491 (Miss. 1994) (citing ***Matter of Estate of Mason v. Fort***, 616 So. 2d 322, 327 (Miss. 1993)).

¶11. Furthermore, this Court notes with approval Local Rule 20 of the Hinds County Chancery Court, which allowed these related cases to be consolidated within one division of that court. Such a rule promotes judicial economy and discourages "judge shopping". The members of this Court are sensitive to the fact that guardianship funds are to be appropriated in such a way as to promote the best interests of the minor ward. It appears that this appeal was spurred by Chancellor Owens' prudent decision to deny funds for the purchase of a car for a young teenager. We disapprove of the appellants' apparent attempt to "shop" for a more lenient chancellor.

## CONCLUSION

¶12. The appellants, who are no longer guardians in the case *sub judice*, lack standing to bring this appeal. Furthermore, the appellants cite no authority for their assertion that this Court should mandate which Hinds County chancellor will hear this case. For these reasons, the ruling of the chancellor denying the appellants' motion to "unconsolidate" is affirmed.

¶13. **JUDGMENT IS AFFIRMED.**

**SULLIVAN, P.J., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. LEE, C.J., AND McRAE, J., CONCUR IN RESULT ONLY.**

1. The appellants argue as follows:

> "That consolidated actions maintain their identities as separate and distinct actions is made clear by the fact that <u>they may be unconsolidated</u>." Griffith, <u>Mississippi Chancery Practice</u>, Section 506, p. 314 (Rev. Ed. 1991) *citing* <u>Merchants and Manufacturers Bank v. State</u>, 25 So. 2d 585 (Miss. 1946) (emphasis added).

Although it is true that consolidated cases may be unconsolidated, the appellants cite no authority for the proposition that this case MUST be unconsolidated. Furthermore, there is no indication that the five Snodgrass cases were consolidated as one case for consideration. It appears, rather, that the cases were only consolidated in the sense that they were all assigned to one chancellor.