# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-CA-01573-SCT

## CONSOLIDATED WITH

## NO. 2015-CA-00764-SCT

*CARLA SPEIGHTS DARNELL*

*v.*

*WILLIAM DUFF DARNELL*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/21/2015 |
| TRIAL JUDGE: | HON. DAVID SHOEMAKE |
| TRIAL COURT ATTORNEYS: | MARK A. CHINN |
| | S. CHRISTOPHER FARRIS |
| | W. TERRELL STUBBS |
| COURT FROM WHICH APPEALED: | JEFFERSON DAVIS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | MARK A. CHINN |
| ATTORNEY FOR APPELLEE: | S. CHRISTOPHER FARRIS |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 10/26/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., COLEMAN AND MAXWELL, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This matter is before this Court after remand with instructions for the chancellor to consider certain statements excluded at trial. ***Darnell v. Darnell***, 167 So. 3d 195, 198 (Miss. 2014) (***Darnell I***). Finding that the chancellor was not manifestly wrong or clearly erroneous in granting physical custody to Duff Darnell, we affirm the amended judgment of the chancellor.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     The facts were summarized in *Darnell I* and do not bear repeating. In short, Carla and

Duff Darnell were married in November 2004; had a child, C.D., in 2006; and separated in

September 2010. Carla filed for divorce, and after a three-day trial, the chancellor awarded

physical custody to Duff. Carla appealed, and this Court remanded to the chancellor,

instructing him to conduct an *Albright*[1] analysis anew, considering:

> two statements made by C.D. to his daycare teacher and principal, which
> prompted them to report the incidents to the Department of Human Services.
> The statements were not hearsay, because they were being offered to show
> their effect on C.D.'s teacher and principal, who acted accordingly.

*Darnell I*, 167 So. 3d at 210. On remand, the chancellor considered the two statements, made

new findings of fact and conclusions of law, conducted a complete *Albright* analysis, and

specifically addressed why he disagreed with the guardian ad litem's (GAL's)

recommendations. The chancellor determined that:

> it would be in the best interest of the minor child that the parents share joint
> legal custody of the child, with the child to be in the physical custody of Duff
> Darnell from the time that school starts in August of 2012, until the school
> year ends in May or June of 2013, and for each school year thereafter until
> further order of the Court. The mother shall have standard non-custodial parent
> visitation, every other weekend.

Carla appealed again.

## STATEMENT OF THE ISSUES

¶3.     Carla raises the following issues on appeal, which have been reordered and restated

for clarity:

---

[1] *Albright v. Albright*, 437 So. 2d 1003 (Miss. 1983).

I.      Whether this Court should review the chancellor's findings *de novo* based on the findings of the Mississippi Commission on Judicial Performance, No. 2013-083.

II.     Whether the chancellor failed to consider the additional admissible evidence as part of his findings of fact and conclusions of law.

III.    Whether the chancellor erred in his **Albright** analysis.

IV.     Whether the chancellor erred when he found that C.D. was unavailable under the tender-years exception of the hearsay rule.

V.      Whether the chancellor failed to take into account the facts of the case pertaining to child custody at the time of remand.

## STANDARD OF REVIEW

¶4.     The standard of review in domestic-relations cases is well-established:

"When this Court reviews domestic relations matters, our scope of review is limited by the substantial evidence/manifest error rule. Therefore, we will not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied."

**Darnell I**, 167 So. 3d at 201 (quoting **Giannaris v. Giannaris**, 960 So. 2d 462, 467 (Miss. 2007) (citations and quotations omitted)).

## ANALYSIS

**I.      Whether this Court should review the chancellor's findings *de novo* based on the findings of the Mississippi Commission on Judicial Performance, No. 2013-083.**

¶5.     Carla fails to cite any authority in support of her argument, and for good reason, as there is none. Her failure precludes consideration on appeal. **Blakeney v. McRee**, 188 So. 3d 1154, 1168 (Miss. 2016), *reh'g denied* (May 5, 2016) (quoting **Matter of Guardianship of Snodgrass**, 692 So. 2d 85, 87 (Miss. 1997)).

**II.**     **Whether the chancellor failed to consider the newly admissible evidence as part of his findings of fact and conclusions of law.**

¶6.     Carla contends that, not only did the chancellor fail to consider the two statements made by C.D. to his teacher and principal when the chancellor issued his Amended Final Judgment, but that he did not make any specific finding of facts or conclusions of law based on the specific statements.

¶7.     That argument is without merit, for the chancellor entered a detailed, twenty-nine-page amended final judgment. He addressed the statements made by C.D. to his teacher, Dana Walker, and principal, Machelle Dyess, and Dyess's testimony regarding those statements. He also considered those statements in conjunction with Dr. Scott Benton's testimony. He found that no witness who had knowledge of C.D. making the two specific statements testified that C.D. actually had been abused. No evidence was presented that any sexual abuse occurred. The chancellor stated in his order that he considered the three reports of the GAL, the exhibits, and testimony of the parties and witnesses at trial. He found that:

> the actions of the mother, Carla Darnell, taking visitation away from the father, filing charges with the military against the father, accusing the father of being a child molester, and disparaging the father in the small community where the family resided, coupled with her telling the child that the child should tell everybody that he wants to stay with her and not the father adversely impacts the minor child.

¶8.     Based on the record, the chancellor considered the statements and found that those statements did not change the outcome of his award of custody to Duff. "[T]he chancellor is the finder of fact, and the assessment of witness credibility lies within his sole province."

*Carambat v. Carambat*, 72 So. 3d 505, 510 (Miss. 2011). The chancellor's findings are supported by substantial evidence; thus he did not manifestly err in that regard.

### III. Whether the chancellor erred in his *Albright* analysis.

¶9. On remand, the chancellor addressed each *Albright* factor and included specific reasons if his conclusion differed from that of the GAL. The chancellor considered the two statements made by C.D. but did not find that either statement affected his analysis. He concluded once again that it was in C.D.'s best interest for Duff to have physical custody of the minor child.

¶10. Where a chancellor has applied the correct legal standard and made findings of fact which are supported by substantial evidence, this Court will not reverse his decision. *Touchstone v. Touchstone*, 682 So. 2d 374, 377 (Miss. 1996). As the record clearly reflects, the chancellor did consider all *Albright* factors and made findings of fact in the record with regard to these factors. The chancellor's decision was supported by the evidence, and it was not an abuse of discretion.

### IV. Whether the chancellor erred when he found that C.D. was unavailable under the tender-years exception of the hearsay rule.

¶11. While Carla concedes that this Court upheld the chancellor's findings in its *Darnell I* opinion, she asks that this Court reconsider the issue. However, this Court will not reconsider an issue previously ruled upon. This Court has stated that "res judicata is fundamental to the equitable and efficient operation of the judiciary and 'reflects the refusal of the law to tolerate a multiplicity of litigation.'" *EMC Mortg. Corp. v. Carmichael*, 17 So.

5

3d 1087, 1090 (Miss. 2009) (internal citations omitted). Carla is barred from relitigating this issue.

**V.      Whether the chancellor failed to take into account the facts of the case pertaining to child custody at the time of remand.**

¶12.    On remand, this Court specifically instructed the chancellor to make:

> new findings of fact and conclusions of law in which the first two statements made by C.D. to Dyess and Walker are considered as admissible evidence. Because of the additional evidence, the chancellor also should conduct a new *Albright* analysis showing the reasons for his ruling, and it would be helpful if he specifically stated why he disagreed with the guardian ad litem's recommendations.

*Id.* at 210. This Court did not instruct the chancellor to hold a new hearing, change his findings and conclusions, or consider new evidence of C.D.'s current condition.

¶13.    Carla, citing ***Vaughn v. Davis***, 36 So. 3d 1261 (Miss. 2010), argues that the general rule for remanded child custody cases requires a chancellor to consider the child's circumstances at the time of remand, rather than at the time of the previous hearing. However, this Court has never made such a pronouncement. This Court specifically instructed the chancellor in ***Vaughn*** to consider the minor's present circumstances, if the chancellor made a determination of desertion. *Id.* at 1267. No such instruction was given to today's chancellor. This issue is without merit.

## CONCLUSION

¶14.    The chancellor was not was manifestly wrong or clearly erroneous and did not apply an erroneous legal standard. We affirm the chancellor's judgment granting custody of the minor child to Duff.

¶15.   **AFFIRMED.**

**WALLER, C.J., KITCHENS, P.J., KING, COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**