# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-CA-01435-SCT

*LEIGHANN GONZALEZ*

*v.*

*COASTAL INDUSTRIAL CONTRACTORS, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/03/2019 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| TRIAL COURT ATTORNEYS: | ERIC PRICE |
| | DOUGLAS T. MIRACLE |
| | MICHELE D. BIEGEL |
| | CHUCK McRAE |
| | MATTHEW M. WILLIAMS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CHUCK McRAE |
| | MICHELE D. BIEGEL |
| ATTORNEYS FOR APPELLEE: | MATTHEW M. WILLIAMS |
| | JENNIFER M. YOUNG |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 03/25/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., COLEMAN AND GRIFFIS, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     Clayton T. Harmer, an employee of Coastal Industrial Contractors, failed to yield to a stop sign. The ensuing collision injured Leighann Gonzalez, who filed suit against Coastal Industrial Contractors and Harmer. Coastal admitted vicarious liability by stipulation and then moved to dismiss Harmer. The court dismissed Harmer pursuant to Mississippi Rule of Civil Procedure 41. A bifurcated jury trial took place, and the jury awarded Gonzalez

compensatory damages in the amount of $3.5 million. Before the punitive damages phase of the bifurcated trial, Gonzalez made an *ore tenus* motion for recusal and mistrial, which the judge denied. The court granted a directed verdict to Coastal on the issue of punitive damages. Gonzalez appeals.

## FACTS AND PROCEDURAL HISTORY

¶2. On June 13, 2017, a motor vehicle collision occurred on Highway 67 North near the intersection of Success Road in D'Iberville, Mississippi. Gonzalez was driving a 2016 Honda Civic northbound on Highway 67. Gonzalez's vehicle was struck by an eighteen wheeler driven by Coastal's employee, Clayton Harmer. Coastal is owned by Greg Williams. Gonzalez filed suit, alleging negligence and gross negligence by Harmer and Coastal. Gonzalez argued that Coastal was vicariously liable and directly liable for negligent hiring, training, supervision, and entrustment. Coastal admitted that at the time of the collision, Harmer was an employee of Coastal and that he was acting within the course and scope of his employment. Because of its admission of vicarious liability, Coastal argued that any direct liability claims against it were ripe for dismissal. On May 25, 2018, Coastal stipulated that the actions of Harmer caused the accident, that Harmer's actions constituted simple negligence, and that the actions of Harmer in causing the accident were committed within the course and scope of his employment with Coastal.

¶3. On May 16, 2018, Coastal moved for partial summary judgment, seeking to have the direct liability claims dismissed because of Coastal's admission of vicarious liability. On October 9, 2018, the court granted Coastal's motion and dismissed Gonzalez's direct liability

claims against Coastal. On October 9, 2018, the court granted Gonzalez's *ore tenus* motion and dismissed Harmer with prejudice. The court also dismissed Gonzalez's claims against Amerisure Mutual Insurance. On October 19, 2018, Gonzalez filed a motion for reconsideration and for clarification of the order dismissing direct liability claims against Coastal. The court denied Gonzalez's motion on July 2, 2019. On May 10, 2019, Coastal filed a motion for partial summary judgment on the issue of punitive damages, arguing that, as a matter of law, Gonzalez was prohibited from recovering punitive damages based on a claim of direct liability. The court denied Coastal's motion for partial summary judgment.

¶4. A jury trial commenced on August 13, 2019. The jury returned a verdict in favor of Gonzalez on the issue of compensatory damages, awarding her $3.5 million. After the verdict was announced, the court reminded the jury that the trial was bifurcated and that the jury would next decide whether punitive damages should be awarded. After the jury was dismissed for the day, the court made a record of its reconsideration of whether Gonzalez would proffer her punitive damage evidence. However, to comply strictly with the statute, the court decided that Gonzalez would present the evidence to the jury. Before the jury returned, Gonzalez made an *ore tenus* motion for recusal and a mistrial. Gonzalez argued that the judge was biased based on the judge's name being in consideration for a federal judgeship and that the judge would not allow punitive damages in an effort to increase his conservative appeal. The court denied the motion for recusal and motion for a mistrial.

¶5. Gonzalez argued to the jury that the proximate cause of Gonzalez's injuries was Coastal's negligent hiring and retention of Harmer. Gonzalez alleged that Harmer was

3

unqualified to drive as he had several traffic violations during the preceding three years of his employment with Coastal. Gonzalez further alleged that Harmer omitted one of his convictions, running a stop sign, on his job application. Gonzalez went on to argue that Coastal knew or should have known about the violations and that Harmer was unqualified to drive pursuant to 49 C.F.R. § 391.21 (West, Westlaw through Mar. 18, 2021). Coastal hired Safe Haulin to review their employment applications to determine if their potential employees were qualified to drive pursuant to federal regulations. Gonzalez argued that even though Coastal knew of the violations, it hired and retained Harmer in violation of the Federal Motor Vehicle Safety Regulations. Additionally, according to Coastal's company policy, a driver is not qualified if convicted of two or more speeding violations in the three years preceding employment.

¶6. After hearing the evidence, the court granted a directed verdict in favor of Coastal on the issue of punitive damages. Gonzalez appeals.

## STANDARD OF REVIEW

¶7. The "standard of review for the admission of or refusal to admit evidence is well settled. 'Admission or suppression of evidence is within the discretion of the trial judge and will not be reversed absent an abuse of that discretion.'" *Haggerty v. Foster*, 838 So. 2d 948, 958 (¶ 25) (Miss. 2002) (internal quotation marks omitted) (quoting *Broadhead v. Bonita Lakes Mall, Ltd. P'ship*, 702 So. 2d 92, 102 (¶ 35) (Miss. 1997)). Additionally, "[t]his Court applies an abuse-of-discretion standard to the determination of whether a case warrants the consideration of punitive damages." *Estate of Gibson ex rel. Gibson v. Magnolia*

*Healthcare, Inc.*, 91 So. 3d 616, 632 (¶ 45) (Miss. 2012) (citing *Mariner Health Care, Inc. v. Estate of Edwards ex rel. Turner*, 964 So. 2d 1138, 1148 (¶ 22) (Miss. 2007)). "This Court reviews a grant or denial of a motion for mistrial for an abuse of discretion." *Gibson*, 91 So. 3d at 629 (¶ 37) (Miss. 2012) (citing *United Servs. Auto. Ass'n v. Lisanby*, 47 So. 3d 1172, 1184 (¶ 37) (Miss. 2010)). "In determining whether a judge should have recused, the standard of appellate review is manifest abuse of discretion." *Pearl River Cnty. Bd. of Supervisors v. Miss. State Bd. of Educ.*, 289 So. 3d 301, 305 (¶ 9) (Miss. 2020) (citing *Hathcock v. S. Farm Bureau Cas. Ins. Co.*, 912 So. 2d 844, 849 (¶ 11) (Miss. 2005)).

## DISCUSSION

¶8. Gonzalez argues that the court erred by excluding relevant evidence demonstrating Coastal's reckless disregard for the safety of others, by refusing to allow the issue of punitive damages to be submitted to the trier of fact, and by refusing to recuse or to declare a mistrial for punitive damages.

**I. The trial court did not err by excluding evidence of Coastal's alleged reckless disregard for the safety of others.**

¶9. Gonzalez argues that the court erred by excluding evidence regarding Harmer's drug test, evidence relating to Harmer's hypertension, and evidence relating to Harmer and Coastal's compliance with certain federal regulations.

**A. The trial court did not err by excluding evidence of Harmer's drug test.**

¶10. Gonzalez argues that the court erred by excluding evidence regarding the required drug testing of a driver involved in an accident. *See* 49 C.F.R. § 382.303(a) (West, Westlaw

through Mar. 18, 2021). The court found that evidence of the negative drug test was not relevant to whether Coastal negligently hired or retained Harmer. Drug testing is required in cases in which the commercial driver receives a citation and another person requires immediate medical attention away from the scene or any vehicle involved in the accident is disabled as a result. *See* 49 C.F.R. § 382.303(b) (West, Westlaw through Mar. 18, 2021). The court precluded Gonzalez from presenting testimony about the drug test Harmer received after the accident. The test came back negative, even though Harmer had received medication in the hospital that should have should have been detected. However, any evidence regarding the negative drug test is irrelevant to whether Coastal was negligent in hiring or retaining Harmer.

¶11. Mississippi Rule of Evidence 401 states, "[e]vidence is relevant if: **(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and **(b)** the fact is of consequence in determining the case." MRE 401. Any evidence provided by a negative drug test is irrelevant in determining whether Coastal negligently hired or retained Harmer. Gonzalez presented no evidence that suggested Harmer might have been using drugs or alcohol during the crash or that Coastal knew of any drug or alcohol use by Harmer; thus, the court did not err by excluding evidence of the drug test.

> **B.  The trial court did not err by excluding evidence regarding whether Harmer was physically qualified to drive due to his hypertension.**

¶12. Gonzalez further argues that the court erred by excluding evidence of Harmer's hypertension. The court found that because Gonzalez could not provide evidence of what

6

Harmer's blood pressure was at the time of the accident, it could not be causally related to anything Coastal did or did not do. Under 49 C.F.R. § 391.41, a person is qualified to drive a commercial motor vehicle if he or she "[h]as no current clinical diagnosis of high blood pressure likely to interfere with his/her ability to operate a commercial motor vehicle safely." However, Gonzalez presented no evidence that Harmer's blood pressure was elevated at the time of the accident. Additionally, Harmer was on medication to control his hypertension. Harmer testified that the only thing required of him by Coastal was an annual check-up. While there was testimony that Harmer has high blood pressure, Gonzalez presented no evidence that the crash was caused by Harmer's blood pressure being elevated before the crash. Accordingly, the court did not err by excluding evidence regarding Harmer's hypertension.

> ### C. The trial court did not err by excluding evidence of whether Harmer made misrepresentations or omissions in his application for employment.

¶13. Gonzalez argues that the court erred by excluding evidence that Harmer lied on his employment application. As the court found, however, evidence pertaining to whether Harmer lied on his application is not relevant to whether Coastal was grossly negligent in hiring or retaining Harmer. Thus the issue is moot, and the trial judge did not abuse his discretion when he precluded testimony of Harmer's employment application.

## II. The trial court did not err by refusing to allow the issue of punitive damages to be submitted to the trier of fact.

¶14. "Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed with caution and within narrow limits." ***Bradfield v.***

7

*Schwartz*, 936 So. 2d 931, 936 (¶ 17) (Miss. 2006) (internal quotation marks omitted) (quoting *Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So. 2d 620, 622 (Miss. 1988)).

> "As a general rule, exemplary or punitive damages are 'added damages' and are in addition to the actual or compensatory damages due because of an injury or wrong. The kind of wrongs to which punitive damages are applicable are those which, besides the violation of a right or the actual damages sustained, import insult, fraud, or oppression and not merely injuries, but injuries inflicted in the spirit of wanton disregard for the rights of others."

*Id.* (quoting *Summers ex rel. Dawson v. St. Andrew's Episcopal Sch., Inc.*, 759 So. 2d 1203, 1215 (¶ 52) (Miss. 2000)).

¶15. Gonzalez argues that Coastal was grossly negligent by hiring and retaining Harmer as a commercial driver, even though Harmer was qualified to drive under Federal Motor Vehicle Safety Regulations. In *Union Carbide Corp. v. Nix*, 142 So. 3d 374, 384 (¶ 15), 387 (¶ 26) (Miss. 2014), the defendant argued that its compliance with federal regulations demonstrated that its actions were reasonable and void of gross negligence. The Court disagreed, holding that "[w]hile OSHA regulations may be used as evidence of reasonableness, as discussed *supra*, they are not dispositive." *Id.* at 391 (¶ 41). However, *Union Carbide* is distinguishable from the case *sub judice*. The plaintiff in *Union Carbide* presented evidence that the defendant knew the federal regulations were inadequate, yet the defendant continued to rely solely on the regulations. *Id.* In the case *sub judice*, Gonzalez presents no evidence that Coastal knew that the federal regulations it was relying on were inadequate to keep the public safe.

¶16. Gonzalez argues that Coastal had a duty only to permit qualified drivers to operate its vehicles pursuant to Federal Motor Vehicle Safety Regulations. *See* 49 C.F.R. § 391.11

8

(West, Westlaw through Mar. 18, 2021). On May 11, 2016, Coastal had Harmer complete and submit an employment "Driver's Application" as required by federal regulations. Gonzalez argues that Harmer failed to list all of his traffic violations on the 2016 employment application, thus he was unqualified to drive a commercial vehicle. Jennifer Daniels, an employee of Safe Haulin, testified that in addition to the two violations listed on his application, a motor-vehicle report also found one other violation. However, Daniels further testified, however, that the three violations would not disqualify Harmer as a commercial driver pursuant to federal regulations. Additionally, after Harmer was hired by Coastal, Coastal conducted an annual review in October of 2016. Safe Haulin performed another motor vehicle report and found one new violation; however, Daniels testified that Harmer was still qualified to drive pursuant to federal regulations.

¶17. Gonzalez further argues that pursuant to 49 C.F.R. § 391.15 (West, Westlaw through Mar. 18, 2021), a driver could be disqualified from driving a commercial motor vehicle for texting or using a mobile phone while driving a commercial vehicle. Gonzalez claims that Harmer frequently made calls while driving a commercial vehicle for Coastal, including a call on the day of the accident, as well as several text messages. Yet Gonzalez provided no evidence that shows Harmer was talking on his phone while driving on the day of the accident or that the text messages had been read. Harmer testified that on the day of the accident when he attempted to call Greg Williams, he was sitting at "Johnson's old store."

¶18. Punitive damages are considered an "extraordinary remedy" and should be awarded "with caution and within narrow limits." ***Bradfield v. Schwartz***, at 936 (¶ 17) (quoting

9

*Bristow*, 529 So. 2d at 622). Additionally, the decision to grant a directed verdict on the issue of punitive damages will not be overturned absent an abuse of discretion. *Gibson*, 91 So. 3d at 632 (¶ 45) (citing *Mariner Health Care*, 964 So. 2d at 1148 (¶ 22)). Unlike the defendant in *Union Carbide*, no evidence was presented here that the federal regulations were insufficient to protect others from harm. Harmer was qualified to drive pursuant to the federal regulations. Based on the extraordinary nature of punitive damages and the highly deferential standard of review, the trial judge did not abuse his discretion by granting a directed verdict on the issue of punitive damages.

### III.    The trial judge did not err by denying the motion to recuse.

¶19.    Gonzalez argues that the trial judge erred by not recusing or declaring a mistrial. Under Canon 2 of the Code of Judicial Conduct, "A Judge Shall Avoid Impropriety and the Appearance of Impropriety in All Activities." M.C.J.C. Canon 2. Additionally, Canon 3 states, "A Judge Shall Perform the Duties of Judicial Office Impartially and Diligently."

¶20.    Gonzalez argues that because the judge had been nominated for a federal judgeship, questions were raised about whether he was conservative enough to get the approval of the United States Senate. Gonzalez fails to cite any authority to support her argument. "[F]ailure to cite authority in support of [an] argument precludes consideration on appeal." *Blakeney v. McRee*, 188 So. 3d 1154, 1165 (¶ 28) (Miss. 2016) (internal quotation marks omitted) (quoting *In re Guardianship of Snodgrass*, 692 So. 2d 85, 87 (Miss. 1997)). Accordingly, the trial judge did not err by refusing to recuse or grant a mistrial.

### CONCLUSION

10

¶21. Harmer was qualified to drive pursuant to federal regulations, and no evidence was presented that the federal regulations were insufficient. Accordingly, the trial judge did not abuse his discretion by granting a directed verdict. Additionally, the trial judge did not err by refusing to recuse or grant a mistrial. The decision of the trial court is affirmed.

¶22. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**