IRVING, P.J.,
for the Court:
¶ 1. On September 28, 2010, a grand jury in Simpson County, Mississippi, indicted Christopher West for the sale of methamphetamine. Ultimately, a jury convicted West, and Circuit Judge Eddie Bowen sentenced him to thirty years in the custody of the Mississippi Department of Corrections. West filed a motion requesting a judgment notwithstanding the verdict or, in the alternative, a new trial and cited Judge Bowen’s failure to recuse from the case as the basis for his motion. Judge Bowen denied West’s motion. Feeling aggrieved, West appeals and argues that Judge Bowen erred in failing to re-cuse from the case.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. During the beginning of the September 2010 term of court, Judge Bowen served as the Simpson County District Attorney. However, on September 20, 2010, eight days before the grand jury indicted West, Judge Bowen was appointed circuit court judge. On the morning of West’s trial, West filed a motion requesting that Judge Bowen recuse from the case. While Judge Bowen entered an order of recusal in another case[1] in which West was charged with a felony, he denied West’s motion for recusal in the case regarding the sale of methamphetamine.
¶ 4. In a supplemental filing to this Court, Judge Bowen confirmed that, while he did serve as the district attorney prior to West’s indictment, he did not personally receive the case file concerning this charge against West, nor did he have personal knowledge of West’s case. Additionally, Judge Bowen stated that he was not personally aware that the district attorney’s office had received West’s case file, and he did not implement any administrative measures to “preclude knowledge of the case file while [he] was being considered for the judicial appointment for [c]ireuit judge.”
*585 ¶ 5. West contends that Judge Bowen should have entered a recusal in this case because he was the district attorney at the time of his arrest for the sale of methamphetamine and had prosecuted cases against him as the district attorney in the past.
¶ 6. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

I. Timeliness of Appeal

¶ 7. Although not addressed by either party, we note at the outset that West’s motion for recusal did not meet the requirements of Rule 1.15 of the Uniform Rules of Circuit and County Court, which states in pertinent part:
A motion seeking recusal shall be filed with an affidavit of the party or the party’s attorney setting forth the factual basis underlying the asserted grounds for recusal and declaring that the motion is filed in good faith and that the affiant truly believes the facts underlying the grounds stated to be true. Such motion shall, in the first instance, be filed with the judge who is the subject of the motion within 30 days following notification to the parties of the name of the judge assigned to the case; or, if it is based upon facts which could not reasonably have been known to the filing party within such time, it shall be filed within 30 days after the filing party could reasonably discover the facts underlying the grounds asserted. The subject judge shall consider and rule on the motion within 30 days of the filing of the motion, with hearing if necessary. If a hearing is held, it shall be on the record in open court. The denial of a motion to recuse is subject to review by the Supreme Court on motion of the party filing the motion as provided in [Mississippi Rule of Appellate Procedure] 48B.
(Emphasis added). The record is clear that West did not attach an affidavit from himself or his attorney to his motion as required by the rule. Also, West’s motion for recusal was not timely. Although the record is not clear as to when West learned that Judge Bowen would be handling his case, it was public knowledge that Judge Bowen, Simpson County’s then-district attorney, had been appointed circuit judge for the county, which only has one circuit court judge. It is undisputed that this appointment occurred on September 20, 2010 — eight days prior to West’s indictment. Nevertheless, West waited one year and one day to request that Judge Bowen recuse from the case. Therefore, West’s motion was clearly untimely.
¶ 8. West also failed to comply with Rule 48B of the Mississippi Rules of Appellate Procedure, which reads in part:
If a judge of the circuit, chancery[,] or county court shall deny a motion seeking the trial judge’s recusal, or if within 30 days following the filing of the motion for recusal the judge has not ruled, the filing party may within 14 days following the judge’s ruling, or 14 days following the expiration of the 30 days allowed for ruling, seek review of the judge’s action by the Supreme Court. A true copy of any order entered by the subject judge on the question of recusal and transcript of any hearing thereon shall be submitted with the petition in the Supreme Court.
Here, West did not appeal Judge Bowen’s decision not to recuse from the case within the fourteen days permitted by Rule 48B. He did, however, file his notice of appeal within the thirty days required by Rule 4 of the Mississippi Rules of Appellate Procedure. The Mississippi Supreme Court *586 examined the relationship between Rule 4 and 48B in Hathcock v. Southern Farm Bureau Cas. Ins. Co., 912 So.2d 844, 847 (¶¶ 3-4) (Miss.2005), in which the appellant requested that the circuit court judge re-cuse from the case because of the judge’s past representation of the appellee and because the judge’s son worked for the appellee at the time of trial. When the circuit court denied the motion for recusal and granted summary judgment in favor of the appellee, the appellant appealed and argued that the judge should have recused from the case. Id.
¶ 9. In Hathcock, the appellant filed his notice of appeal challenging the denial of his motion to recuse within the thirty days allowed by Rule 4. Hathcock, 912 So.2d at 848 (¶ 6). The appeal did not comply with Rule 48B, in that the appeal was not taken within fourteen days of the circuit court’s denial of the motion to re-cuse. Hathcock, 912 So.2d at 848 (¶ 8). Nevertheless, the supreme court held that
the Court will not indulge the suggestion to read the rules in such a way as to unnecessarily cause conflict between them. Under [Rule] 4, using the language “shall,” requires a party to file notice of appeal within 30 days, while [Rule] 48B, using the language “may,” permits a party to seek review within 14 days. [The] appeal is timely because it was filed in accordance with [Rule] 4.
Hathcock, 912 So.2d at 848 (¶ 8). While it is clear under Hathcock that a party’s failure to comply with the time requirements of Rule 48B will not defeat his right of review of that denial on appeal, Hathcock does not address the consequences of a party’s failure to comply with the requirements of Rule 1.15 of the Uniform Rules of Circuit and County Court and whether that failure will defeat his right to appellate review. Therefore, we do not interpret Hathcock as standing for the proposition that a party who has filed a motion for recusal that does not comply with the requirements of Rule 1.15 may still have the denial of the motion for recusal reviewed on appeal. In light of this uncertainty in our law, we choose to address the merits of West’s appeal.

II. Denial of West’s Motion to Recuse

¶ 10. West’s sole issue on appeal is that Judge Bowen should have recused from this case because Judge Bowen had served as the district attorney during the same court term as when West was indicted. We disagree. “The standard of review to which [appellate courts are] bound on the issue of recusal is manifest error.” Scott v. State, 8 So.3d 855, 859 (¶ 13) (Miss.2008) (citations omitted). In Mississippi, a judge’s “impartiality is presumed, and the presumption must be overcome by the appellant in order for [appellate courts] to find manifest error.” Id. (citing Jones v. State, 740 So.2d 904, 912 (¶32) (Miss.1999)). The Mississippi Supreme Court has stated:
Under Canon 3 of the Code of Judicial Conduct, an appellate court, in deciding whether a judge should have disqualified himself from hearing a case[,] uses an objective standard. A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality. The decision to recuse or not to recuse is one left to the sound discretion of the trial judge, so long as he applies the correct legal standards and is consistent in the application.
Tubwell v. Grant, 760 So.2d 687, 689 (¶ 7) (Miss.2000) (internal citations and quotation marks omitted). Additionally, the Code of Judicial Conduct explains that one circumstance in which a judge should re-cuse himself is “when the judge ha[s] a personal bias or prejudice concerning a party, or personal knowledge of disputed *587 evidentiary facts concerning the proceeding.” Patton v. State, 109 So.3d 66, 78 (¶ 35) (Miss.2012) (quoting Code of Judicial Conduct Canon 3(E)(1)(a)).
¶ 11. West has failed to present sufficient evidence to overcome the presumption that Judge Bowen was impartial. The grand jury indicted West near the end of Judge Bowen’s tenure as district attorney, but Judge Bowen had no personal knowledge of, or actual involvement in, West’s case prior to sitting as the judge during trial. Judge Bowen attested to his lack of personal knowledge in his supplemental filing to this Court. Additionally, even in his capacity as the district attorney, Judge Bowen exercised no administrative command over West’s case. In fact, there is no evidence that Judge Bowen, while serving as the district attorney, had even any indirect involvement with West’s case.
¶ 12. Nevertheless, West argues that Judge Bowen should have recused from this case because he had prosecuted cases against West in the past. While it may be true that Judge Bowen prosecuted cases against West while serving as the district attorney, there is no evidence that Judge Bowen, while serving as the district attorney, was as involved with the prosecution of this ease as he may have been with the prosecution of West’s other cases. Furthermore, we have previously stated that “[t]he fact that [a judge] ha[s] ... prosecuted [a defendant] in the past, without more, does not overcome the presumption of impartiality^]” Slade v. State, 42 So.3d 25, 29 (¶ 17) (Miss.Ct.App.2009).
¶ 13. While it may be true, as the dissent suggests, that “due process requires disqualification when a trial judge previously acts in an accusatory role in the case[,]” Dis. Op. at (¶ 13), there are no facts to suggest that Judge Bowen, as district attorney, stood in any posture against West in the prosecution of the case involving the sale of methamphetamine. Moreover, the cases cited by the dissent are factually distinguishable from the case before us. In those cases, there was evidence that the prosecutor-turned-judge had actively participated in the defendant’s prior prosecution. Those kinds of facts, which may have led us to question Judge Bowen’s impartiality, are missing here.
¶ 14. West has pointed to nothing in the record to support his claim that Judge Bowen’s impartiality should be questioned. As such, the circuit court did not err in denying West’s motion for recusal. This issue is without merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF SIMPSON COUNTY OF CONVICTION OF THE SALE OF METHAMPHETAMINE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., BARNES, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., AND ISHEE, J. JAMES, J., NOT PARTICIPATING.

. The record does not indicate, and West does not reveal, the depth of Judge Bowen’s involvement, if any, in that case. We only know that the indictment in that case was returned on September 7, 2010, while Judge Bowen was still acting as the district attorney.