# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-01064-COA

IN THE MATTER OF THE GUARDIANSHIP                    APPELLANT
AND CONSERVATORSHIP OF VIRGINIA
BURNETTE CRAWFORD: CAROL SMITH

v.

DASIE MAE RICHMOND                                   APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/17/2020 |
| TRIAL JUDGE: | HON. CATHERINE FARRIS-CARTER |
| COURT FROM WHICH APPEALED: | QUITMAN COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | CAROL SMITH (PRO SE) |
| ATTORNEY FOR APPELLEE: | LARRY O. LEWIS |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | APPEAL DISMISSED - 04/26/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., GREENLEE AND McDONALD, JJ.

### CARLTON, P.J., FOR THE COURT:

¶1.    Carol Smith and Dasie Mae Richmond are sisters. Virginia Burnette Crawford is their mother.  Smith, a Quitman County resident, filed a petition in the Quitman County Chancery Court seeking appointment as her mother's guardian in 2018.  No further filings were made in the Quitman County Chancery Court proceeding until 2020.

¶2.    In 2019, Crawford moved to Minnesota where Richmond lived.  Richmond had a guardianship and conservatorship established for Crawford in Minnesota, and Richmond was

appointed as her mother's limited guardian.[1] Crawford subsequently wanted to return to Mississippi, so Richmond obtained a transfer order from the Minnesota court provisionally transferring the guardianship to Mississippi in accordance with the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Acts (Uniform Adult Guardianship Acts),[2] adopted by both Mississippi and Minnesota. Pursuant to the directive of the Minnesota court in the provisional transfer order and the Mississippi and Minnesota Uniform Adult Guardianship Acts, Richmond then filed a request to accept the transfer of the Minnesota guardianship, and related relief, in the Quitman County Chancery Court proceeding. Although she was not Crawford's guardian, Smith, pro se, also filed a petition in the chancery court proceeding seeking a transfer of the Minnesota guardianship to Mississippi and requesting she be appointed as her mother's "temporary substitute" guardian.

¶3. Based upon her consideration of the court file, including the Minnesota court's provisional transfer order, the chancellor issued an interim order accepting transfer of the Minnesota guardianship, provisionally finding that Richmond should continue as Crawford's guardian, and issuing instructions on repair and accounting issues that the chancellor determined required immediate resolution. In her interim order, the chancellor recognized the numerous other outstanding issues that needed to be addressed, and she explained that

---

[1] For ease of reference, we refer to the guardianship and conservatorship proceeding collectively as the guardianship proceeding.

[2] *See* Miss. Code Ann. §§ 93-14-101 to -504 (Rev. 2018); Minn. Stat. Ann. §§ 524.5-601 to -903 (West 2010).

all issues would be addressed in future hearings to be scheduled "as soon as possible depending on schedules of Court and counsel."

¶4. Smith, pro se, filed a motion to set the interim order aside pursuant to Mississippi Rule of Civil Procedure 60(b), a motion seeking the chancellor's recusal, and a "motion to change jurisdiction." The chancellor entered an order denying all three motions.

¶5. Smith, pro se, appealed from the chancellor's order appearing to assert in her appellate briefs that (1) the chancellor erred in denying her Rule 60(b) motion to set the interim order aside because it was void due to Richmond's alleged failure to request transfer of the Minnesota guardianship and because the interim order was a "fraud on the court"; and (2) the chancellor erred in denying Smith's motion to recuse. Smith listed the chancellor's denial of her "motion to change jurisdiction" in her notice of appeal, but Smith did not list this as an issue in her appellate brief, nor did she address it in any way in her briefs.

¶6. During the pending appeal, Crawford died. A "few days after" Crawford's death, Richmond filed a "motion to dismiss case as moot [or] as an impermissible appeal filed prematurely." On November 3, 2021, this Court entered an order passing this motion for consideration with the merits of this appeal. In her appellate brief, Richmond also requests that the Court (1) strike alleged "scandalous and disrespectful language" in the record; and (2) award appellate attorney's fees and costs.

¶7. For the reasons addressed below, we dismiss for lack of appellate jurisdiction Smith's appeal from the chancellor's denial of her Rule 60(b) motion to set aside the interim order,

3

motion to recuse, and "motion to change jurisdiction." In accordance with this ruling, we grant Richmond's motion to dismiss Smith's appeal.

¶8. We deny Richmond's request to strike "scandalous and disrespectful language" in the record, without prejudice to Richmond's ability to renew her request in a motion filed pursuant to Mississippi Rule of Appellate Procedure 27. Similarly, we deny Richmond's request for appellate attorney's fees and costs, without prejudice to her ability to renew this request prior to the issuance of the mandate and in a motion complying with Appellate Rule 27 and the requirements of *Latham v. Latham*, 261 So. 3d 1110, 1115-16 (¶¶22-24) (Miss. 2019).

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶9. In November 2018, Smith filed her "petition for the appointment of guardianship of the person and estate of Virginia Burnette Crawford" in the Quitman County Chancery Court, seeking to be appointed as Crawford's guardian/conservator. The docket sheet for this proceeding indicates that no other filings were made in the Quitman County Chancery Court proceeding until 2020.

¶10. In the meantime, Crawford went to live with Richmond in Minnesota. Richmond filed a petition seeking appointment as Crawford's guardian and conservator in the District Court for the Fourth Judicial District, Probate/Mental Health Division, in Hennepin County, Minnesota. The Minnesota court approved a guardianship and conservatorship in July 2019, appointing Richmond as guardian, issuing letters of limited guardianship to Richmond, and

4

appointing Conservatorship Services LLC as conservator of Crawford's estate.

¶11. The docket for the Quitman County Chancery Court proceeding shows that in early April 2020, Smith filed an "emergency petition to accept jurisdiction of guardianship and conservatorship from Minnesota to Mississippi and to establish guardianship and conservatorship for Virginia Burnette Crawford." This pleading is not in the record.

¶12. In May 2020, Richmond filed a petition in the Minnesota proceeding seeking to transfer the guardianship from Minnesota to Mississippi. After a hearing on the matter, the Minnesota court issued a "provisional order granting petition to transfer guardianship and conservatorship to another state" on May 11, 2020 (the provisional transfer order). The provisional transfer order stated that notice of the petition was given to those persons who would be entitled to notice (including Smith), and there had been no objection to the transfer. The provisional transfer order further provided:

**CONCLUSIONS OF LAW**

1.    The Petitioner has presented sufficient facts to establish a case for transfer of the Guardianship and Conservatorship.

2.    The Guardianship and Conservatorship should be transferred to Quitman County, Mississippi at this time.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED:**

1.    The Petition to Transfer Minnesota Guardianship and Conservatorship is provisionally granted.

      a.    The Guardian and Conservator shall petition for guardianship

5

and conservatorship in the other state.

b. After Mississippi issues a provisional order accepting transfer of guardianship and conservatorship, the Guardian shall move this Court for a final order confirming the transfer and terminating the guardianship and conservatorship.

c. The current Guardian and Conservator shall not be discharged in Minnesota until a Final Order is issued and this Court has approved the Conservator's Final Account.

¶13. After obtaining the provisional transfer order from the Minnesota court, Richmond filed an "answer and counterclaim" in the Quitman County Chancery court proceeding,[3] responding to Smith's emergency petition seeking her appointment as guardian/conservator of her mother and, in Richmond's counterclaim, requesting that the Quitman County Chancery Court accept the jurisdictional transfer of the existing guardianship and conservatorship from Minnesota to Mississippi pursuant to the Uniform Adult Guardianship Acts adopted in both states.

¶14. On July 2, 2020, Smith moved to withdraw her emergency petition and filed a "petition to accept transfer of guardianship and conservatorship" on the same day. Smith requested the chancery court to accept the transfer of the Minnesota guardianship to Mississippi.[4] Smith asserted that she was seeking transfer under the Minnesota and

---

[3] Although Richmond's combined answer and counterclaim was not included in the record on appeal, the Court, in its discretion, may take judicial notice of this pleading. *See Teal v. Jones*, 222 So. 3d 1052, 1057-58 (¶¶20-21) (Miss. Ct. App. 2017).

[4] The Minnesota court's provisional transfer order and the letters of limited guardianship issued to Richmond in the Minnesota proceeding were attached to Smith's petition.

Mississippi Uniform Adult Guardianship Acts and cited Mississippi Code Annotated section 93-20-105 (Rev. 2018 & Supp. 2020)[5] as authority for allowing her to do so. Smith also asserted that she was "eligible to be appointed full guardian and conservator in this State of Mississippi" pursuant to section 93-20-123(1).[6]

¶15. A hearing was set for 10:00 a.m. on August 12, 2020. Smith appeared at the hearing unrepresented by counsel. At the hearing, the chancellor explained to Smith that she could not represent her mother in the guardianship proceeding and that she would need to obtain legal representation before continuing in the case. The chancellor also explained to Smith that she would not accept Smith's pro se petition to accept transfer of the guardianship from the Minnesota court because, as Smith had already stated in the hearing, the Minnesota court "ordered Dasie Richmond to do [those] actions."

¶16. On September 1, 2020, the chancellor entered an order, sua sponte, entitled "interim order appointing Dasie Mae Richmond as guardian/conservator for Virginia Burnette Crawford, Ward, and accepting the transfer of the existing guardianship and conservatorship

---

[5] Section 93-20-105(3) sets forth a procedure a Mississippi court may undertake to "assume or decline jurisdiction" of a proceeding for a guardianship or conservatorship pending in another state, "whichever is in the best interest of the respondent." Section 93-20-105(1), however, specifically provides that "this section does not apply to a guardianship or conservatorship for an adult that is subject to the transfer provisions of the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act."

[6] Section 93-20-123(1) provides that "[t]he court may appoint a temporary substitute guardian or conservator for a ward in the discretion of the court." Section 93-20-104(1), however, specifically excludes proceedings governed by the Uniform Adult Guardianship Act from the chancery court's jurisdiction over guardianship and conservatorship proceedings.

from the State of Minnesota to the State of Mississippi." The interim order provided that it was issued upon the chancellor's consideration of "the Petition and Counter Petition and pleadings herein relative to the care and welfare of Virginia Burnette Crawford . . . [and] all the documents on file." The interim order also specifically provided that the chancery court had "jurisdiction of the parties and subject matter of this cause, pursuant to the Mississippi Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act." In the interim order, the chancellor further "acknowledge[d] and fully accept[ed] the terms [of the Minnesota court's provisional transfer order]" (Attachment 1 to the interim order).

¶17. The chancellor found that Crawford "wish[ed] to return to her long-time home in Marks, Quitman County, [Mississippi]," and provisionally found "Dasie Richmond is a fit and proper person to continue to be the General Guardian and Conservator of the person and estate of her Mother," but "only one Guardianship or Conservatorship[] shall ultimately be in place after the Court hears the facts of this case." In recognizing Crawford's desire to return home, the chancellor addressed several issues in the interim order regarding funds to repair the Mississippi residence where Richmond and Crawford would live and accountings to be prepared with respect to prior expenditures.

¶18. The chancellor also specifically found that "[t]here are many other issues the Court must consider in this cause, such as the validity of a Mississippi General Durable Power of Attorney, the validity of which is contested and used to withdraw money belonging to the Ward's Husband [that was] left for her[] in a survivorship account." The chancellor

8

informed the parties that "[t]he Court will schedule hearings on pending Motions and Petitions as soon as possible depending on schedules of Court and counsel . . . [and] will develop a schedule that will allow sufficient time to the parties and their attorneys to obtain information that is needed, including information to be subpoenaed."

¶19.   The closing paragraphs of the interim order provided:

> All provisions of the Mississippi Uniform Adult Guardianship and Protective Proceedings jurisdiction Act are invoked and effective as to this case immediately.
>
> . . . Carol Smith shall immediately engage counsel to represent her in this matter who will make an appearance for her within the next fourteen (14) days . . . .
>
> All parties are expected to cooperate for the transfer of jurisdiction of the Guardianship and Conservatorship to the Mississippi jurisdiction in this the Seventh Chancery District of the State of Mississippi, and specifically the Chancery Court of Quitman County, Mississippi.
>
> SO ORDERED AND ADJUDGED, *SUA SPONTE* this 1st day of September, 2020.

¶20.   On September 11, 2020, Smith filed a motion seeking the chancellor's recusal based upon the chancellor's demeanor at the August 12, 2020 hearing; certain issues addressed in the interim order; and because, according to Smith, the chancellor could not be impartial because Richmond's lawyer was a former circuit court judge. The same day, Smith filed a "motion to change jurisdiction," seeking to move the proceeding to "the Horn Lake Municipal Court of DeSoto County" and asserting that such action was required because of the pending motion to recuse the chancellor. Smith also filed a "motion to set aside order"

9

pursuant to Mississippi Rule of Civil Procedure 60(b), asserting that the interim order "should be set aside because a Motion to Recuse has been filed against [the chancellor]."

¶21. The chancellor denied all three motions, without opinion, in one order entered September 17, 2020. On September 22, 2020, Smith filed a notice of appeal with the Quitman County Chancery Clerk, appealing from the chancellor's order denying all three motions "per Mississippi Rule[] of Appellate Procedure 48B."

¶22. A briefing schedule was issued, and Smith filed her pro se appellant's brief. In that brief, she did not list the chancellor's denial of her motion to change jurisdiction as an issue on appeal, and that issue was not addressed in any other way in Smith's appellate briefs.

¶23. On September 10, 2021, Richmond filed a "motion to dismiss case as moot [or] as an impermissible appeal filed prematurely." According to Richmond, the appeal was moot because Crawford died "a few days ago," and thus it was unnecessary for Crawford to have a guardian or conservator. Additionally, Richmond asserted that the appeal is interlocutory because it does not stem from a final judgment.

¶24. A few days after filing her motion to dismiss the appeal, Richmond filed her appellee's brief, and Smith then filed her reply. After briefing was completed, the Mississippi Supreme Court assigned Smith's appeal to this Court. The Court issued an order on November 3, 2021, passing Richmond's motion to dismiss for consideration with the merits of this appeal.

## I. Richmond's Motion to Dismiss

¶25. After Crawford died during the pendency of this appeal, Richmond moved to dismiss the appeal as moot due to her death or, alternatively, because Smith's appeal arising from the chancellor's order denying Smith's motions was interlocutory in nature and therefore not a final, appealable judgment. Richmond asserts the same argument (lack of a final, appealable judgment) in her appellate brief. In response, Smith asserts that the issues pertaining to the alleged "fraud on the court" stemming from the alleged entry of an "invalid" interim order are not alleviated by Crawford's death.[8]

¶26. We reiterate that Smith's notice of appeal was an attempt to appeal the chancery court's denial of three motions: (1) the Rule 60(b) motion to set aside the chancellor's interim order, (2) the motion to recuse, and (3) the "motion to change jurisdiction." With respect to the chancellor's denial of Smith's "motion to change jurisdiction," we recognize that Smith does not list the chancellor's denial of this motion as an issue on appeal, nor does

---

[7] The applicable standards of review are discussed with respect to each issue raised on appeal.

[8] Smith also filed a pro se "motion to inform court to continue appeal," asserting that "[t]here are no known laws of the State of Mississippi or federal that require this cause to be dismissed due to the suspicious untimely death of Mrs. Virginia Burnette Crawford." The Court denied this "motion," observing that the pleading essentially set forth Smith's position on an issue that it "passed for consideration with the merits of this appeal" (i.e., consideration of Richmond's motion to dismiss). The order also provided that "[t]his order shall not be construed as though the Court has precluded [Smith] from contesting [Richmond's] claim that this appeal is moot or that it does not stem from an appealable judgment."

she address the denial of this motion in her appellate briefs. Because Smith did, however, list the chancellor's denial of this motion in her notice of appeal, we also discuss it in an abundance of caution.

¶27. For the reasons addressed below, we dismiss Smith's appeal for lack of appellate jurisdiction because there is no final, appealable judgment in this case: (1) the chancellor's interim order and her denial of Smith's Rule 60(b) motion to set aside the interim order are nonfinal, interlocutory orders; (2) the chancellor's denial of Smith's motion to recuse is also a nonfinal, interlocutory order, and Smith failed to properly petition for interlocutory review by the Mississippi Supreme Court; and (3) the chancellor's denial of the "motion to change jurisdiction" is an interlocutory order not appealable as of right. We therefore dismiss Smith's appeal for lack of a final, appealable judgment and grant Richmond's motion to dismiss Smith's appeal on this basis.

## II. The Chancery Court's Order Denying Smith's Rule 60(b) Motion to Set Aside the Interim Order[9]

---

[9] In her motion to dismiss, Richmond also asserted that Smith's appeal should be dismissed as moot because Crawford died during the pendency of this appeal, so it is unnecessary for her to have a guardian or conservator. We find that Richmond's mootness argument is without merit in this case. Although the ward's death terminates a guardian's or conservator's authority and responsibility as a guardian or conservator, it does not, for example, affect the guardian's or conservator's obligation to account for the ward's funds and assets or other issues concerning the ward's property or costs and fees relating to the proceeding. *See, e.g.*, *In re Est. of Lewis*, 135 So. 3d 202, 204 (¶5) (Miss. Ct. App. 2014) (recognizing that "[t]hough [the ward] had passed away, fee issues surrounding the guardianship lingered" and required resolution); *see also Vinson v. Benson* (*In re Appointment of a Conservator for Vinson*), 972 So. 2d 694, 700-03 (¶¶20-34) (Miss. Ct. App. 2007) (recognizing numerous issues relating to the guardianship/conservatorship that

¶28.    Smith asserts that the chancery court erred in denying her Rule 60(b) motion to set the interim order aside because it was obtained by a "fraud on the court" and addresses issues "that were never presented or discussed at trial."  As addressed below, we find that we are without appellate jurisdiction to entertain Smith's appeal of the chancellor's order denying her Rule 60(b) motion to set aside the interim order because it is not final and appealable. Smith's appeal on this issue is therefore dismissed for lack of jurisdiction.

### A.    The Final Judgment Rule

¶29.    We employ a de novo review in determining whether the Court has jurisdiction to decide this appeal.  *Calvert v. Griggs*, 992 So. 2d 627, 631 (¶9) (Miss. 2008).  In general, "only final judgments are appealable."  *In re Est. of Lewis*, 135 So. 3d 202, 205 (¶14) (Miss. Ct. App. 2014) (quoting *Maurer v. Boyd*, 111 So. 3d 690, 693 (¶11) (Miss. Ct. App. 2013)); *see* Miss. Code Ann. § 9-3-9 (Rev. 2019); Miss. Code Ann. § 11-51-3 (Rev. 2019).  "A final, appealable judgment is one that adjudicates the merits of the controversy and settles all issues as to all the parties and requires no further action by the trial court."  *In re Est. of Lewis*, 135 So. 3d at 205 (¶14) (internal quotation marks omitted).  In this regard, "[w]hen all the issues in a case or claims against all the parties are not resolved in a judgment, no appeal of right can be taken."  *Id.* at 205-06 (¶14) (internal quotation marks omitted).

---

must be addressed despite the death of a ward).  As we address in this opinion, the chancellor's interim order makes very clear that numerous financial issues and other issues must be resolved within the guardianship/conservatorship proceeding.  Accordingly, we find that Richmond's motion to dismiss Smith's appeal as moot is without merit.

13

¶30.    In this case, we find that the chancellor's interim order is interlocutory and not a final, appealable judgment. *Id.* at (¶¶12-16). We further find that Smith's Rule 60(b) motion to set aside the chancellor's interim order is interlocutory, "from which no appeal [is] available." *Tucker v. Williams*, 198 So. 3d 299, 307 (¶¶14-16) (Miss. 2016). We therefore dismiss Smith's appeal from the chancellor's order denying her motion to set aside the chancellor's interim order for lack of jurisdiction. We address these determinations in further detail below.

## B.    The Interim Order

¶31.    The Mississippi Court of Appeals' decision in *In re Estate of Lewis* supports our determination that the chancellor's interim order in this case was not a final, appealable judgment. *In re Estate of Lewis* began with an initial proceeding to establish a guardianship for Frank Lewis. *In re Est. of Lewis*, 135 So. 3d at 203 (¶2). Lewis died during a pending appeal and while on remand relating to the validity of the guardianship; "fee issues surrounding the guardianship [also] lingered." *Id*. at 203-04 (¶¶3-5). Specifically, "Junior, as the executor of Lewis's estate, filed a petition to recover funds he claimed were improperly disbursed and held in the guardianship account." *Id.* at 204 (¶5).

¶32.    At the hearing on remand, the chancellor found that the guardianship was necessary, and the parties agreed that Junior's petition "to recover attorneys' fees disbursed by the guardianship account was moot." *Id.* at (¶7). The guardianship attorneys then sought to recover attorney's fees from Junior, arguing his appeal regarding the validity of the

14

guardianship was frivolous. *Id.* at (¶8).

¶33.    The chancellor subsequently entered an order entitled "Interim Judgment" in which

he set forth his findings that the guardianship was necessary and that Junior's petition to

recoup the guardianship-based legal fees was moot. *Id.* at 205 (¶11). On the "Interim

Judgment," the chancellor struck through the words "THIS IS A FINAL JUDGMENT" with

a pen. *Id.* The chancellor did not address the guardianship attorneys' request for attorney's

fees. *Id.* Junior appealed. *Id.* at 203 (¶1).

¶34.    This Court found that "the self-described 'Interim Judgment' is not a final, appealable

judgment," *id.* at 205 (¶12), and "dismiss[ed] the appeal for lack of jurisdiction." *Id.* at 206

(¶16). This Court held:

> It really cannot be argued that an order labeled "Interim Judgment" is a final,
> appealable judgment—particularly when the language "THIS IS A FINAL
> JUDGMENT" has been scratched out and initialed by the judge, and the judge
> has apparently not ruled on a pending issue. While there are exceptions to the
> final-judgment rule—including obtaining permission to pursue an interlocutory
> appeal under Mississippi Rule of Appellate Procedure 5 or appealing from a
> Mississippi Rule of Civil Procedure 54(b)-certified final judgment—none are
> applicable here.
>
> Because there is no record evidence that the issue of attorneys' fees incurred
> defending Junior's allegedly frivolous petition was ever resolved, the "Interim
> Judgment" is not final and appealable. So we must dismiss for lack of
> jurisdiction.

*Id.* at (¶¶15-16).

¶35.    We find the same reasoning is applicable here. The chancellor's "self-described"

interim order is just that—an interlocutory order that clearly does not constitute a final,

15

appealable judgment. And although "there are exceptions to the final-judgment rule—including obtaining permission to pursue an interlocutory appeal under Mississippi Rule of Appellate Procedure 5 or appealing from a Mississippi Rule of Civil Procedure 54(b)-certified final judgment," *id.* at (¶15), these are not applicable here.

¶36. The chancellor addressed several issues needing immediate resolution in the interim order, but the chancellor made clear these determinations were provisional in nature, stating, for example, that "only one Guardianship or Conservatorship[] shall ultimately be in place *after the Court hears the facts of this case*." (Emphasis added).

¶37. Further, in the interim provisional order, the chancellor recognized the numerous issues that remained outstanding, "such as the validity of a Mississippi General Durable Power of Attorney, the validity of which is contested and [was] used to withdraw money belonging to the Ward's Husband [and] left for [the Ward] in a survivorship account." The chancellor explicitly acknowledged that this "issue and many other issues will be taken up by the Court in due time." Later in the interim provisional order, the chancellor clearly explained that "[t]he Court will schedule hearings on pending Motions and Petitions as soon as possible depending on schedules of Court and counsel," and "[t]he Court will develop a schedule that will allow sufficient time to the parties and their attorneys to obtain information that is needed, including information to be subpoenaed." Because there is no record that these issues were resolved or that the requisite accountings have been submitted, the interim provisional order is not final and appealable.

## C.     The Rule 60(b) Motion to Set Aside the Interim Order

¶38.    In *Tucker*, 198 So. 3d at 305 (¶6), the circuit clerk entered default against Tucker, and he moved to set the entry of default aside. The trial court denied Tucker's motion to set aside the default entry, Tucker moved for reconsideration of that order pursuant to Rule 60(b), and the trial court denied that motion. *Id.* at 306 (¶13). In addressing the interlocutory nature of the trial court's order denying Tucker's Rule 60(b) motion for reconsideration, the Mississippi Supreme Court observed that "Rule 60(b) provides a method for obtaining relief from a '*final* judgment, order, or proceeding.'" *Id.* at (¶15) (emphasis added) (quoting M.R.C.P. 60(b)). The supreme court found that in this case, "the order denying Tucker's motion to set aside the default entry was an interlocutory order, not a final, appealable judgment. And although Tucker invoked Rule 60(b) in his motion for reconsideration of that order, the order denying reconsideration also was an interlocutory order," *id.* at 307 (¶14), "from which no appeal was available." *Id.* at (¶16).

¶39.    We find the same analysis applies here. Because we found above that the chancellor's interim provisional order is interlocutory in nature, we likewise find that the chancellor's order denying Smith's Rule 60(b) motion to set aside that order is interlocutory and therefore not appealable. *Id.* at (¶¶14-16). Accordingly, we dismiss Smith's appeal from the chancellor's nonfinal order denying Smith's Rule 60(b) motion to set aside the interim order for lack of jurisdiction. *See In re Est. of Lewis*, 135 So. 3d at 205-06 (¶¶14-16); *Tucker*, 198 So. 3d at 307 (¶¶14-16).

17

### III. The Motion to Recuse

¶40. The chancellor's denial of Smith's motion to recuse is also not a final, appealable judgment. *Patriot Prod. Grp. LLC v. Livingston Operating Co.*, 309 So. 3d 489, 493 (¶16) (Miss. Ct. App. 2019) ("[T]he denial of a recusal motion . . . is not a final judgment."). We recognize, however, that Mississippi Rule of Appellate Procedure 48B permits interlocutory review of a trial court's denial of a motion to recuse, as follows:

> If a judge of the circuit, chancery or county court shall deny a motion seeking the trial judge's recusal . . . the filing party may within 14 days following the judge's ruling . . . seek review of the judge's action by the Supreme Court. A true copy of any order entered by the subject judge on the question of recusal and transcript of any hearing thereon shall be submitted with the petition in the Supreme Court.

M.R.A.P. 48B.

¶41. Although Smith's notice of appeal provides "that she is appealing the Motion to Recuse, Motion to Change Jurisdiction and the Motion to Set Aside Order decisions entered by [the] chancery court on the 15th of September, 2020[,] to the Mississippi Supreme Court per Mississippi Rule[] of Appellate Procedure 48B," Smith failed to comply with the requirements of Rule 48B. In particular, Smith attempted to "seek review of the [chancellor's] action by the Supreme Court" by filing an ordinary notice of appeal in the chancery court, rather than filing a "petition in the Supreme Court" with the order on the recusal issue attached to that petition.[10]

---

[10] Regarding Rule 48B's requirement that the petitioner attach a copy of a transcript of any hearing on the recusal motion, Smith's motion to recuse was decided without a

18

¶42. We recognize that in *Patriot Production Group*, this Court found that Patriot's "attempt to appeal the denial of its recusal motion was both untimely and procedurally improper" under Appellate Rule 48B where Patriot filed a notice of appeal (rather than a "petition in the Supreme Court") *and* failed to seek review within either of the fourteen-day deadlines under Appellate Rule 48B. *Patriot Prod. Grp.*, 309 So. 3d at 493 (¶16). In ultimately dismissing Patriot's appeal, the Court concluded with respect to the recusal issue that "Patriot failed to file a timely appeal from the circuit judge's denial of the recusal motion. Therefore, this Court lacks appellate jurisdiction." *Id.* at (¶17).

¶43. In this case, Smith filed a notice of appeal "per [Appellate Rule] 48B" within the fourteen-day deadline under Appellate Rule 48B.[11] The relevant point, however, is that Smith did not file a "*petition in the Supreme Court*" for "review of the judge's action *by the Supreme Court*." M.R.A.P. 48B (emphasis added). As such, we clarify here that Smith's failure to comply with these procedural requirements, alone, require this Court to dismiss her appeal from the chancellor's order on the recusal issue for lack of appellate jurisdiction. In short, *this Court* is not authorized to review interlocutory orders denying recusal under Appellate Rule 48B—that is for the Mississippi Supreme Court to do upon a timely and

---

hearing.

[11] Smith filed her notice of appeal "per Mississippi Rule[] of Appellate Procedure 48B" five days after the chancellor's order was entered. *See* M.R.A.P. 48B (providing that "the filing party may within 14 days following the judge's ruling [denying a motion to recuse] . . . seek review of the judge's action by the Supreme Court").

properly filed petition.[12]

¶44.     We also recognize that in *Hathcock v. Southern Farm Bureau Casualty Insurance Co.*, 912 So. 2d 844, 848 (¶¶7-8) (Miss. 2005), *West v. State*, 131 So. 3d 583, 586 (¶9) (Miss. Ct. App. 2013), and *In re Guardianship of McClinton*, 157 So. 3d 862, 872 (¶25) (Miss. Ct. App. 2015), for example, our appellate courts addressed the merits of the recusal issue despite the appellant's failure to comply with Appellate Rule 48B.   Each of these cases, however, involved a timely appeal-as-of-right under Mississippi Rule of Appellate Procedure 4 from a final judgment.  *See Hathcock*, 912 So. 2d at 848 (¶8) (appeal from summary judgment); *West*, 131 So. 3d at 584 (¶1) (appeal of criminal conviction); *In re Guardianship of McClinton*, 157 So. 3d at 867-68 (¶¶8, 10) (appeal from final judgments of contempt).   In such cases, this Court can review a prior order denying a motion to recuse because the Court

---

[12] We note that Richmond asserts that Smith's appeal of the chancellor's denial of her motion to recuse is procedurally barred because Smith did not comply with the affidavit and good-faith certification requirements of Uniform Chancery Court Rule 1.11.  In particular, Rule 1.11 requires that a motion to recuse "shall be filed with an affidavit of the party or the party's attorney setting forth the factual basis underlying the asserted grounds for recusal and declaring that the motion is filed in good faith and that the affiant truly believes the facts underlying the grounds stated to be true."  UCCR 1.11.

In some cases, this Court has addressed the merits of a recusal issue despite the party's failure to comply with the  requirements for seeking recusal in the trial court, *see, e.g.*, *West v. State*, 131 So. 3d 583, 586 (¶9) (Miss. Ct. App. 2013); *In re Guardianship of McClinton*, 157 So. 3d 862, 871-72 (¶¶21-25) (Miss. Ct. App. 2015); *Whitley v. City of Pearl*, 994 So. 2d 857, 859-61 (¶¶10-16) (Miss. Ct. App. 2008), while in other cases, this Court has held that a party's noncompliance with these rules will result in a procedural bar. *See, e.g.*, *Torrey v. State*, 229 So. 3d 156, 163 (¶19) (Miss. Ct. App. 2017); *Bennett v. Highland Park Apartments LLC*, 170 So. 3d 522, 529 (¶23) (Miss. Ct. App. 2014).  We refrain from addressing this issue here, however, in light of our overriding conclusion that we are without appellate jurisdiction to consider the recusal issue at all, as discussed above.

20

has appellate jurisdiction of the appeal from the final judgment. That is not the case here, as no final judgment has been entered in this case.

### IV. Smith's "Motion to Change Jurisdiction"

¶45. Although Smith did not address the chancellor's denial of her "motion to change jurisdiction" in her appellate briefs (or list this as an issue on appeal), she listed the chancellor's ruling denying this motion in her notice of appeal. We therefore briefly address it in an abundance of caution. In her "motion to change jurisdiction," Smith sought to have the guardianship proceeding transferred from the Quitman County Chancery Court to "the Horn Lake Municipal Court of DeSoto County" due to alleged concerns Smith had with respect to the chancellor's alleged impartiality. To the extent Smith's "motion to change jurisdiction" was simply an attempt to reframe her motion to recuse, we dismiss Smith's appeal of the chancellor's denial of this motion for the same reasons delineated above—we are without appellate jurisdiction to review it. Further, even if Smith's "motion to change jurisdiction" is not viewed as an attempt to reframe her motion to recuse, the denial of a motion to transfer venue or jurisdiction is an interlocutory order that is not appealable as a matter of right. *Cf. Forrest Cnty. Gen. Hosp. v. Conway*, 700 So. 2d 324, 326 (Miss. 1997) (recognizing that issues concerning venue may be resolved via an interlocutory appeal pursuant to Mississippi Rule of Appellate Procedure 5). We are thus without appellate jurisdiction to review it for this additional reason. Accordingly, we dismiss Smith's appeal from the chancellor's order denying her "motion to change jurisdiction" for lack of appellate

21

jurisdiction.

**V. Richmond's Request to Strike "Scandalous and Defamatory" Material from the Record and Request for Appellate Attorney's Fees and Costs**

**A. Request to Strike**

¶46. In her appellate brief, Richmond "requests the Court to strike the scandalous and defamatory material and remarks from the record included in [Smith's] pleadings and material . . . as unsupported specious conclusions." Richmond offers no other details or any specific information that she seeks to have stricken from the record. Mississippi Rule of Appellate Procedure 27(a) requires that "[u]nless another form is elsewhere prescribed by these rules, an application for an order or other relief *shall be made by filing a motion* for such order or relief with proof of service on all other parties." (Emphasis added). Rule 27(a) further requires that "[t]he motion . . . *shall state with particularity the grounds on which it is based*, and shall set forth the order or relief sought." M.R.A.P. 27(a) (emphasis added).

¶47. Richmond cites no legal authority that would allow her to seek to strike material from the record other that pursuant to Rule 27(a). *See, e.g.*, *In re J.C.M.*, 135 So. 3d 210, 212-13 (¶¶10-13) (Miss. Ct. App. 2014) (considering *a separately filed motion to strike* appellant's brief as disrespectful pursuant Mississippi Rule of Appellate Procedure 28(l)). We therefore deny Richmond's request that "scandalous and defamatory" be stricken from the record, without prejudice to her ability to make such a request in a motion that complies with Rule 27(a).

## B.      Request for Appellate Attorney's Fees and Costs

¶48.    Additionally, Richmond requests attorney's fees and costs of appeal in her appellate brief.  The Mississippi Supreme Court and this Court, however, have held that parties must request appellate attorney's fees in a motion that complies with Rule 27(a) and that is "'supported by affidavits and time records that establish the actual fees expended on appeal.'"  *Latham v. Latham*, 261 So. 3d 1110, 1115 (¶22) (Miss. 2019) (quoting *Hatfield v. Deer Haven Homeowners Ass'n Inc.*, 234 So. 3d 1269, 1277 (¶30) (Miss. 2017)); *Stewart v. Stewart*, 309 So. 3d 44, 103 (¶¶211-12) (Miss. Ct. App. 2020).  We therefore deny Richmond's request for appellate attorney's fees without prejudice to Richmond's ability to renew her request before the mandate is issued in a motion that complies with Rule 27(a) and the requirements of *Latham*.

## CONCLUSION

¶49.    For the reasons stated, we dismiss Smith's appeal for lack of a final, appealable judgment.  We are without appellate jurisdiction to review it.  We grant Richmond's motion to dismiss Smith's appeal on this basis.  Additionally, for the reasons stated, we deny Richmond's request to strike "scandalous and disrespectful language" in the record and request for attorney's fees and costs, without prejudice to Richmond's ability to seek the requested relief in motions filed in compliance with Rule 27 and all other applicable law.

¶50.    **APPEAL DISMISSED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.  McDONALD, J., CONCURS**

23

**IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**